The Mayor and Council of Madison *v.* Wade *et al.*

| 88 | 699 |
|----|-----|
| 90 | 820 |
| 88 | 699 |
| 96 | 253 |
| 88 | 699 |
| 99 | 11 |
| 88 | 699 |
| 102 | 57 |
| 88 | 699 |
| 112 | 798 |
| 88 | 699 |
| 115 | 916 |
| 88 | 699 |
| 120 | 36 |

1. While the act of 1877 confers authority on the city council of Madison to require registration of persons qualified to vote at any corporate election, and therefore at an election to approve the local school act of 1889, no ordinance comprehensive enough to include this latter election having been passed when the election was held, the only elective body to which the school act could then be submitted was the legally qualified voters of the city irrespective of registration. The managers of the election having rejected the votes of non-registered electors and confined the vote to the persons whose names appeared on a registration list made under the existing ordinance and with reference to a previous election of a different kind, the submission was not to the whole body of the legal electors. The existing registration ordinance applies only to elections for municipal officers.

2. Under the language of the constitution, the school act of 1889 would have to be submitted to all the qualified voters mentioned in the act itself, and two thirds voting at the election would not be sufficient to approve the act unless they were two thirds of the whole number qualified to vote. It would be competent for the city, by passing a proper registration ordinance, to provide for ascertaining the whole number, but until this is done, the act of 1889 cannot be worked in harmony with the provisions of the constitution. For the two local acts referred to, see Acts 1877, p. 174; Acts 1889, p. 1311.

3. Registration adds no qualification to voters, but only serves to identify them as persons qualified to vote.    *Judgment affirmed.*

January 19, 1892.

Municipal corporations. Local statutes. Constitu-
tional law. Schools. Elections. Registration. Be-
fore Judge JENKINS. Morgan county. At chambers,
September 12, 1891.

On the petition of Wade *et al.*, citizens and tax-
payers of Madison, the mayor and council of that city
were enjoined from collecting a tax assessed for the sup-
port of public schools, from establishing such schools,
etc., under an election held by virtue of the act of the
legislature, approved October 25, 1889. By the act of
February 1, 1877, the mayor and council were "em-
powered and authorized to enact such ordinance, or or-
dinances, providing for the registration of the voters in
corporate elections in the city, which in their discretion
shall conduce to the interest and peace of said city, not
in conflict with the constitution and laws of the State,"
etc. The mayor and council adopted an ordinance pro-
viding that on the 1st of January the clerk of council
should open a book for the registration of voters, which
book should be evidence of a voter having registered;
that the qualifications for registration should be the
same as those prescribed for voters for members of the
General Assembly; that the registration should cease
and the book be closed on the tenth day preceding the
annual election of mayor and aldermen, etc. The day
fixed for the election of mayor and aldermen is the first
Wednesday in April. The clerk opened a registration
book on or before January 1, 1891, kept it open until
March 21, 1891, and then closed it. No book was
opened for registration for the school election which
took place on July 16, 1891; and no person who had
failed to register prior to March 21, 1891, or had be-
come qualified to vote between that date and the date
of the school election, had an opportunity to register
therefor. The registration list shown by the book was
furnished to the managers of the school election to

guide and control them therein. They were not instructed not to permit any one to vote whose name was not on the registration book, but they did not so permit any one whose name was not on the list. The declared result was, 269 votes for and 13 votes against public schools. At the last preceding municipal election 249 votes were polled. The registration list contained 406 names, but the mayor and council, on investigation, determined that a number of these were actually not qualified voters, there being three minors, two convicts, etc.

Among the grounds alleged in the petition why the election was illegal and void were: The act of 1889 is unconstitutional in that it provides, "if at any election herein provided for two thirds of the qualified voters voting at such election shall vote for free schools," etc., instead of providing that if two thirds of the qualified voters of the city shall vote for free schools, etc. There was no law authorizing registration for a special election of this character, but if the act of 1877 applies to such special elections, there should have been a new registration thereunder, and the mayor and council were not authorized to turn over to the managers the list closed on March 21, and to instruct them not to receive the vote of any person whose name was not thereon. Other grounds of attack on the result of the election, as declared by the mayor and council, need not be stated here.

FOSTER & BUTLER and H. T. LEWIS, for plaintiff in error.

J. A. BILLUPS and CALVIN GEORGE, contra.