## SPENCER *et al. v.* CITY OF CLARKESVILLE.

</div>

1. A general assignment of error in a direct bill of exceptions to a final judgment brings under review only such antecedent rulings as have been specifically made the subject of exception and of proper assignment of error.

2. The answer of the municipality to the petition for the validation of the bonds was not demurrable on any of the grounds taken by the intervenors in their demurrer thereto.

3. When an intervenor in a proceeding for the validation of bonds interposes objections based upon facts which do not appear in the pleadings of the parties, but which depend for the proof of their existence upon aliunde evidence, the burden is upon him to prove the alleged facts thus set up.

<div align="center">Argued October 26,—Decided November 18, 1907.</div>

Validation of bonds. Before Judge Kimsey. Habersham superior court. May 14, 1907.

A petition in the name of the State of Georgia against the City of Clarkesville was filed in the superior court of Habersham county on March 21, 1907, the substance of which was as follows: Clarkesville is located in the county of Habersham and in the Northeastern judicial circuit of this State. On February 12, 1907, an election was held in that city, in accordance with the provisions of the constitution of the State and the law controlling and regulating such elections, on the question of the issuance of bonds to the amount of five thousand dollars. Registration for the election was had in conformity with law, and eighty-nine of the voters of the city registered for the election, the registration showing that that number of voters of the city were qualified to vote in such election. Seventy-five of such registered voters participated and voted in such election, sixty-four of them "for

bonds" and eleven of them "against bonds." Due and legal notice of the election was given by publication in a named newspaper, the official organ of the county, published in Clarkesville. A copy of this notice was attached to the petition as an exhibit, from which it appeared that the election was held in pursuance of an ordinance passed at a regular meeting of the city council held in December, 1906. It also appeared therefrom that the original of this copy notice stated the time and place for holding the election, the amount and denomination of the bonds to be issued, the interest which they were to bear, the manner and time in which the principal and interest were, respectively, to be paid and the purpose for which the bonds were to be issued. On March 1, 1907, at a regular meeting of the city council, the mayor and all the members of the council and the managers of the election being present, the returns of the election were opened and canvassed, and they showed that sixty-four votes had been cast "for bonds" and eleven votes "against bonds," making it appear that more than two thirds of the qualified voters at the election had voted in favor of the issuance of bonds; and the result of the election was then and there declared in favor of the issuance of bonds. In accordance with the statute for such cases provided, the solicitor-general of the circuit was, within twenty days after the result of the election was so declared, notified in writing that such election had been held and of the result thereof; a copy of the notice being attached to the petition as an exhibit. The petition itself then set forth in detail the amount of the bonds, their denomination, the purpose for which they were to be issued, the interest they were to bear, when the interest was to be paid, when the principal was to become due and to be paid; and alleged, "The indebtedness to be created by the issuance of said bonds when added to all the other indebtedness of said City of Clarkesville will not exceed the constitutional limit, that is to say, will not exceed seven per centum of the assessed valuation of taxable property of and in said City of Clarkesville. It is further alleged: "All the requirements of the law respecting the holding of said election, the declaring the result of said election, the service of said notice, and the issuance of said bonds have been fully met and complied with, and the issuance of said bonds by said City of Clarkesville will conform in all respects

with the laws of said State." The city filed an answer, properly verified by the mayor and councilmen, in which all the allegations in the different paragraphs of the petition were admitted to be true. T. G. Spencer and eight other citizens and taxpayers of the city intervened and filed a demurrer to the answer of the city, as well as an answer to the petition, in which they set up various grounds why the bonds should not be validated. The grounds of the demurrer were: The answer of the city did not set out a copy of the ordinance calling the election, nor a copy of the notice required to be published thirty days before the election, nor a copy of the tally-sheets and list of the voters at the election, nor set out that a registration book was kept according to law and the ordinances of the city; and, "because said answer does not set out any sufficient fact or facts which will authorize a legal judgment validating the bonds proposed to be issued, and said answer is wholly insufficient and void." The demurrer was overruled. On the hearing the court held that the petition and the answer of the city made out a prima facie case, and that the burden was upon the intervenors to show that the bonds should not be validated, for the reasons set out in their answer. Upon the conclusion of the evidence and the argument, the court rendered a judgment validating the bonds. The intervenors brought the case to this court upon a bill of exceptions, in which error is assigned upon the overruling of their demurrer to the city's answer, and upon the ruling of the court that the burden was upon the intervenors of showing that the bonds should not be validated. The only other assignment of error is, that "The court rendered judgment sustaining the petition and authorizing the validation of the proposed bonds; to which ruling the intervenors then and there excepted and now except and assign the same as error."

J. C. Edwards and J. R. Grant, for plaintiffs in error.

Robert McMillan, H. W. Ketron, and W. A. Charters, solicitor-general, contra.

FISH, C. J. (After stating the facts.)

1. The general assignment of error made in the bill of exceptions can bring under review only the two rulings of the court made pending the hearing, one upon the demurrer and the other as to the burden of proof, on which error was properly assigned.

*Lyndon* v. *Georgia Railway & Electric Co.,* ante, 354; *Stewart v. Marietta Trust & Banking Co.,* ante, 417.

2. The demurrer was properly overruled. The answer of the city admitted all the allegations of the petition, and the petition sufficiently met every requirement of the act of December 6, 1897 (Acts 1897, p. 82; Van. Epps' Code Supp. §6075). That act specifies what the petition in such a case should set forth, and the petition in this case embraced all of the allegations therein specified.

3. Nor did the court err in ruling that the burden of proof was upon the intervenors. A prima facie case in favor of the validation of the bonds was made out by the pleadings; and in *Epping* v. *Columbus,* 117 *Ga.* 263, it was held: "One who intervenes and interposes an objection to the validation of bonds, which rests upon matters which do not appear in the pleadings, but are dependent for their existence upon aliunde evidence, carries the burden of introducing evidence to substantiate the truth of his allegations."

It follows from the foregoing that the judgment must be

*Affirmed. All the Justices concur.*