11570.  POWELL *v.* CONSOLIDATED SCHOOL DISTRICT No. 1 *et al.*

JENKINS, P. J.   A petition by a solicitor-general to validate bonds voted by a school district must specifically set forth a strict compliance with the law relative to the service of the notice provided for by the Political Code (1910), § 445, the name of the district seeking to issue the bonds, the amount of the bonds to be issued, for what purpose they are to be issued, what interest they are to bear, how much principal and interest is to be paid annually, and when they are to be fully paid. The petition must show that an election was held by the district for the issuance of the bonds, and it must also specifically appear that the result of the election was prima facie in favor of their issuance. Political Code (1910), § 446; *Smith* v. *Dublin,* 113 *Ga.* 833 (2) (39 S. E. 327); *Harrell* v. *Town of Wigham.* 141 *Ga.* 322 (80 S. E. 1010). The petition in this case, having met the requirements of law in these respects, was not subject to demurrer.

(*a*) If the election for district bonds was unauthorized because the district was not one in which a local tax was levied, or was not in a county which levied such a tax, it was incumbent upon the defendant or the intervenor to plead and prove such fact.

(*b*) In like manner, if the petition presented to the board of trustees asking for such an election was not signed by one fourth of the qualified voters of the district, it was incumbent upon the party objecting to the validation to plead such fact and to prove it.

(*c*) If any of the votes constituting the two-thirds majority of the qualified voters of the district, who, as specifically shown by the petition, voted in favor of bonds, were cast by persons who in fact were not qualified to vote, this too was a matter of defense by pleading and proof.

2. It is incumbent upon the petitioner in such a proceeding to make out a prima facie case by proving each of the substantial and material allegations set forth above as necessary allegations of the petition; and when this is done the burden is cast upon the defendant, or upon a proper party as intervenor, to set up and establish any other fact which by aliunde proof would render the election invalid. *Harrell* v. *Town of Whigham,* supra, citing *Spencer* v. *Clarkesville,* 129 *Ga.* 627 (59 S. E. 274). The evidence for the petitioner made out a prima facie case. The evidence fails to sustain any of the special grounds of objection set up by the intervenor in his plea, the substance of each of which is outlined above, in subdivisions *a, b,* and *c.* Referring specially to the proof in reference to the objection made by the plea and set forth in subdivision *c,* an election to determine the issuance of bonds should be "held by the same persons, and in the same manner, under the same rules and regulations" as elections for officers are held. Political Code (1910), § 441. The law relating to registration of voters requires that the names·be first entered on the voters' book of the tax-collector (Political Code, § 36); after which it is the duty of that officer to file with the county registrars a list of the names so appearing (Political Code, §§ 48, 49), who thereupon are required to purge it of the names of those not qualified to vote (Political Code, § 55), and then to file such revised

list with the clerk of the superior court. No person whose name does not appear on such final registration list is qualified to vote. Political ·Code, § 58. The act of 1919 (Ga. L. 1919, p. 346), provides that when an election is to be held for the issuance of bonds by a school district, it shall be the duty of the ordinary to furnish a certified list of registered voters in the district. In the instant case it appears that such a list was certified and furnished by the ordinary, and that more than two thirds of those whose names appeared thereon voted in favor of bonds. While the evidence indicates that the ordinary made up the list of qualified voters in an irregular manner, in that the names were taken from the voters' book of the tax-collector instead of from the list made by the registrars and filed with the clerk of· the superior court, the mere fact that in thus arriving at the names embodied in the list legally certified and furnished by him he may have proceeded in an irregular manner would not operate to vitiate the election, where it does not also appear that the list as certified and furnished by the proper authority was in fact incorrect; nothing being shown to indicate that the names as actually certified by the ordinary did not constitute a correct list of the registered voters of the district, such as would appear by reference to the registration list in the clerk's office. *Brumby* v. *Marietta*, 132 *Ga.* 408 (64 S. E. 321).

*Judgment affirmed.* *Stephens and Hill, JJ., concur.*

DECIDED JANUARY 20, 1921.

Validation of school bonds; from Worth superior court — Judge Eve. April 15, 1920.

*Forehand & Forehand,* for plaintiff in error.

*R. S. Foy, solicitor-general, J. H. Tipton,* contra.