### CHAPMAN et al. v. SUMNER CONSOLIDATED SCHOOL DISTRICT et al.

1. As amended in the year 1918, article 7, section 7, par. 1, of the constitution of the State of Georgia (Civil Code, § 6563), requires the assent of two thirds of the qualified voters of the county, municipality, or division of the State, voting at an election for that purpose, to authorize the incurring of a debt, provided said two thirds so voting must be a majority of the registered voters. Subsequently to such amend-

ment, Civil Code section 442 must be construed consistently therewith, and the " requisite two thirds of the voters " mentioned in said section means two thirds of the qualified voters of the county, municipality, or division voting at said election, provided said two thirds so voting constitute a majority of the registered voters.

(a) A petition filed by the solicitor-general of a judicial circuit, for the validation of district school bonds issued under a school-district election alleged to have been held " under and pursuant to section 143 of the School Code of Georgia," which on its face shows that " 2/3 of the qualified voters " of the school district " voting at said election " cast their ballots in favor of bonds, and that such affirmative votes constituted a " majority of the registered voters " of said district, is not defective on the ground that it shows on its face that the affirmative votes did not constitute " 2/3 of the voters of the division," as prescribed by section 442 of the Code of Georgia, and referred to by section 143 of the " Code of School Laws of Georgia " (Acts 1919, pp. 345, 346).

2. No person is lawfully entitled to vote in a school-district bond election held under section 143 of the " Code of School Laws of Georgia " (Acts 1919, pp. 288, 345), whose name does not appear on any list of the county registrars filed with the clerk of the superior court of the county, showing the names of the registered voters of the county entitled to vote.

(a) This is true notwithstanding the name of such person does appear on the voters' book of the tax-collector of the county, and, except as to registration as mentioned in the headnote numbered two, he is otherwise a qualified voter under the law of Georgia.

(b) This is true notwithstanding the name of such person does appear on the certified list of registered voters furnished by the ordinary to the managers of the election, and also appears on the voters' book of the tax collector of the county, and, except as to registration as mentioned in the headnote numbered two, he is otherwise a qualified voter under the laws of Georgia. The act of 1919, known as the " Code of School Laws of Georgia," at p. 346, provides that " the ordinary shall furnish a certified list of registered voters in such school district . . to the managers of the election." Properly construed, this provision does not substitute the ordinary for the board of county registrars. It merely provides that the ordinary shall procure a certified list of registered voters from the legally constituted board of registrars, and furnish the same to the election managers.

(c) This is true although the name of such person does appear on the voters' book of the tax-collector of the county and, " although the name of such person was entered in such voters' book within six months of said special bond election, but more than six months before the next ensuing general State election," and, except as to registration as mentioned in the headnote numbered two, he is otherwise a qualified voter under the laws of Georgia.

(d) This is true although the name of such person " does appear on the certified list of registered voters furnished by the ordinary to the managers of the election and also appears on the voters' book of the tax-collector of the county, and although the name of such person was

entered in such voters' book within six months of said special bond election but more than six months before the next ensuing general State election," and, except as to registration as mentioned in the headnote numbered two, he is otherwise a qualified voter under the laws of Georgia.

(e) A person is not lawfully entitled to vote in a school-district bond election held under section 143 of the "Code of School Laws of Georgia," whose name appears on the certified list of registered voters furnished by the ordinary to the managers of the election and also appears on the general list of the county registrars filed with the clerk of the superior court, showing the registered voters of the county entitled to vote, and also appears on the voters' book of the tax-collector of the county, where, in an attack upon the validity of his vote in the proceeding to validate such bonds, it is shown by positive and uncontradicted testimony that the oath prescribed for voters by sections 36, 40, 41, 42, 43, 46, and 47 of the Political Code of Georgia was not read by, or read or mentioned to, such person when he signed the voters' book, and that he made no such oath or affirmation, and except as herein stated he is otherwise a qualified voter under the laws of Georgia." The fact that one's name is signed to the oath in the voters' book, prescribed in the Civil Code (1910), §§ 36, 40, et seq., will be prima facie evidence that the oath was administered as required by law, a substantial compliance with which shall be sufficient. *Brown* v. *Atlanta*, 152 *Ga.* 283 (109 S. E. 666). "The tax-collector or his clerk shall in no instance permit a person to sign the voters' books or any separate printed oath unless such person shall have actually made the oath before him thereon contained, and a violation of this section by either the tax-collector or his clerk shall be a misdemeanor."

(f) A person is not lawfully entitled to vote in a school-district bond election held under section 143 of the "Code of School Laws of Georgia," whose name does not appear on the certified list of registered voters furnished by the ordinary to the managers of the election, nor on any general or supplemental list of the county registrars filed with the clerk of the superior court of the county, showing the names of the registered voters of the county entitled to vote, although the name of such person does appear on the voters' book of the tax-collector of the county, and when, in an attack upon the validity of his vote in the proceeding to validate such bonds, it is shown by positive and uncontradicted testimony that he moved from another county to that of the bond election prior thereto, and, by application to the tax-collector of the latter county, had his name transferred to and entered upon the voters' book of the latter county, but at no time made any application to the registrars of the latter county for such transfer, and offered no proof before them as to his qualifications to vote, and, except as to registration as mentioned in the headnote numbered two, he is otherwise a qualified voter under the laws of Georgia.

(g) A person is not lawfully entitled to vote in a school-district bond election such as above mentioned, "whose name does not appear on the general or supplemental list of the county registrars filed with the clerk of the superior court of the county, showing the names of the

registered voters of the county entitled to vote, but whose name does appear on the certified list of registered voters furnished by the ordinary to the managers of the election, and also appears on the voters' book of the tax-collector of the county, although, in an attack upon the validity of his vote in the proceeding to validate such bonds, it is shown by positive and uncontradicted testimony that he moved from another county to that of the bond election prior thereto, and, by application to the tax-collector of the latter county, had his name transferred to and entered upon the voters' book of the latter county, but at no time made any application to the registrars of the latter county for such transfer, and offered no proof before them as to his qualifications to vote," and, except as to registration as mentioned in the headnote numbered two, he is otherwise a qualified voter under the laws of Georgia.

No. 2654. DECEMBER 16, 1921.

Questions certified by Court of Appeals (Case No. 11990).

*Passmore & Forehand,* for plaintiffs.

*R. S. Foy, solicitor-general,* and *J. H. Tipton,* for defendants.

GILBERT, J. The Court of Appeals certified questions to which the rulings stated in the headnotes are answers. Save what is said in this opinion following, none of the headnotes require elaboration.

No person is lawfully entitled to vote in a school-district bond election held under section 143 of the "Code of School Laws of Georgia" (Acts 1919, pp. 288, 343), whose name does not appear on any list of the county registrars filed with the clerk of the superior court of the county, showing the names of the registered voters of the county entitled to vote. Article 2, section 1, paragraph 1, of the constitution of Georgia (Civil Code (1910), § 6395); Civil Code, §§ 3458, 3459, 3468; Acts 1919, "Code of School Laws of Georgia," at p. 346. The fact that a person's name may appear upon a list purporting to show the registered voters, furnished by the ordinary to the managers of the election, or that the name appears on the voters' book of the tax-collector of the county, and that this person is otherwise a qualified voter under the laws of Georgia, with the exception of having his name on the general or supplementary list of registered voters filed by the county registrars in the office of the clerk of the superior court, will not alter his legal status as a voter as above mentioned. The voter's name must appear on a list, general or supplementary, of the county registrars, filed with the clerk of the superior court of the county, showing the registered voters of the county entitled to vote; otherwise such person cannot vote. Counsel con-

tending for the opposite view call our attention to an expression frequently used heretofore by this court, that "registration adds no qualification to voters, but only serves to identify them as persons entitled to vote." To adopt the view insisted upon manifestly would amount to a nullification of the law in regard to registration. We think that a brief examination of the subject will demonstrate that the contention is not well founded. The expression has been used repeatedly by this court. As far as we are aware, the principle was first announced in the case of *McMahon* v. *Savannah,* 66 *Ga.* 217, 224 (42 Am. R. 65). That case was decided at the September term, 1880, of this court, and at that time the general registration laws did not apply to municipalities. In that case certain citizens and taxpayers denied the right of the City of Savannah to require the payment of a poll-tax, the taking of an oath, and the like, as requisites to registration. This court said: "These municipal laws do not add new qualifications to the voter, but are designed to secure the duty citizens may owe the municipal government and to protect the purity of the ballot." And in the opinion the court said: "The new requirement of a registration has been held not to be the addition of a qualification, 'to an elector.'" The right of a person whose name did not appear on a legal list of registered voters was not involved. In the case of *Mayor etc. of Madison* v. *Wade,* 88 *Ga.* 699 (16 S. E. 21), the expression was used. In that case also the question of the right of a person to vote whose name did not appear on a legal list of registration was not involved. In that case the General Assembly had empowered the City of Madison to require a special registration of persons qualified to vote at any corporate election, and therefore at an election to approve a local-school tax, which was the election involved in the case. No ordinance comprehensive enough to include this latter election had been passed when the election was held. The election managers confined the vote to the persons whose names appeared on a registration list made under an existing ordinance applicable to a previous election of a different kind. The submission was not to the whole body of the legal electors. The existing registration applied only to the election of municipal officers. This court affirmed the judgment of the lower court, to the effect that the election was illegal, and, with reference to the fact that the

names of those voting appeared on the list of registered voters which was not applicable to that election, said: "Registration adds no qualification to voters, but only serves to identify them as person qualified to vote." The expression was again used in *Davis* v. *City Council of Dawson*, 90 *Ga.* 817 (17 S. E. 110), and there no question was involved as to the right of a person to vote whose name did not appear on a legal list of registered voters. In that case the General Assembly had provided for a system of registration applicable to municipal elections in the City of Dawson. There was also a system of registration applicable to the County of Terrell, which had no application to municipal elections in the City of Dawson. At an election held in the City of Dawson the managers rejected the ballots of persons duly registered for the city election, and otherwise qualified to vote, simply because they had not registered in accordance with the provisions of the county-registration act. This court held that to be illegal, and that it was not the purpose of the law to have two distinct and separate systems of registration operating upon the same election. The principle was again stated in *Floyd County* v. *State*, 112 *Ga.* 794 (38 S. E. 37). In that case the question was whether two thirds of the qualified voters of the County of Floyd had assented to the issuance of bonds; and the controlling question was, how, under the law, the court, in a proceeding to validate the bonds, was to determine what constituted two thirds of the qualified voters. On the hearing it was agreed that the total number of votes favorable to the issue of bonds was less than two thirds of the number of voters whose names appeared on the lists of registration of voters had for the county, but more than two thirds of the number of votes cast at the last general election held in the county. In this case, which was decided at the October term, 1900, the case of *Mayor etc. of Madison* v. *Wade*, supra, was cited, and it was again noted that the general registration laws did not apply to elections held in cities and towns; and it was held that reference to the registration lists must be had to determine what was two thirds of the qualified voters where there was a system of registration in operation. The question of the right of a person to vote whose name did not appear on any legal registration list was not involved. The expression was again used in *Garrett* v *Cowart*, 149 *Ga.* at p. 564 (101 S. E. 186).

There the question was whether one whose name appeared on the registration list illegally, because of a failure to pay all taxes required of him under the law, was a legal voter. It was of course held that such a person was not a qualified voter. While it is the law that one must have his name on a list of qualified voters in order to entitle him to vote, manifestly if the name of such a person appears on the list illegally or fraudulently, it would be the same as if the name did not appear on the list. In other words, the converse of the proposition is not true. The constitution and the laws of the State declare what things are necessary and requisite as a qualification for voting, such as payment of taxes, signing the oath in the voters' book, residence, and the like. To vote without these qualifications is to vote illegally. To procure the placing of one's name on the registration books without these qualifications is illegal, and if done it adds no qualification, as the statute specifically declares that "each person whose name is upon the registration list . . shall be entitled to vote, . . provided that such person is not otherwise disqualified from voting, . . and provided that no person shall be qualified to vote at any election unless he shall have paid all taxes due at least six months before the same, except when said election is held within six months from the expiration of the time fixed by law for the payment of said taxes." Civil Code (1910), § 59. Registration is now permanent. "The tax-collectors of the several counties of this State are required to keep a book to be called the permanent qualification book, upon which all persons desiring to qualify as electors shall be required to qualify as now required by the constitution and laws of the State. Such electors upon qualification shall sign their names in alphabetical order, and shall be subject to examination by the board of registrars as now provided by law. Such board of registrars shall have the right, and shall be charged with the duty, of examining each two years the qualification of each elector entered thereon, and shall not be limited or stopped by the action taken at any prior time. Acts 1913, p. 115; Park's Code, § 47 (a). But this does not mean that one lawfully registered but subsequently disqualified by reason of non-payment of taxes, or conviction of a crime involving moral turpitude, or other cause of disqualification, continues to be a qualified voter by reason of registration. The list

of registered voters is subject to revision, and the elimination of the names of those persons not qualified to vote and whose names are improperly included in the list of registered voters. Civil Code (1910) § 55. Moreover, aside from all that has been said in regard to the cases just mentioned, the question is settled by the constitution of this State, in paragraph 1, section 1, art. 2 (Civil Code, § 6395), and the provisions of the constitution have been followed by acts of the General Assembly in execution thereof, now found in sections 34, 58, 59, and 69 of the Civil Code, and in the act known as "the Code of School Laws" of the State of Georgia, especially applicable to this case. The con- stitution provides as follows: "After the year 1908 elections by the people shall be by ballot *and only those shall be allowed to vote who have been first registered in accordance with the require- ments of law.*" In the paragraphs of the constitution immediate- ly following the one just quoted there is specific provision as to who is entitled to register and vote, and the qualifications of electors. The provision of the constitution that no person shall be allowed to vote who has not been "first registered in accord- ance with the requirements of law" was enacted as statute law, and is found in section 58 of the Civil Code, where it is declared: "and no person shall vote . . unless his name is upon the said registration list so filed by said registrars." Any other con- clusion than that the name of the voter must appear on the registry list would render it impossible to legally determine when two thirds of the registered and qualified voters had assented.

*All the Justices concur, except Beck, P. J., and George, J., who dissent from the ruling in headnote 2 (e).*