11990. CHAPMAN *et al. v.* SUMNER CONSOLIDATED SCHOOL
DISTRICT *et al.*

JENKINS, P. J. In this proceeding for the validation of school bonds upon
a school-district election, it appears that 217 votes were cast in the
election, of which 147 were for bonds and 70 against. Of this number
the trial court held disqualified 19 of the affirmative votes and 12 of the
negative, and adjudged ·that the total qualified voters actually voting
in the election were 186, of whom 128 voted for bonds and 58 against.
The Supreme Court held, in answering questions certified to it by this
court and construing the amendment of 1918 to paragraph 1 of section
7 of article 7 of the constitution with section 143 of the Code of
School Laws of 1919 and section 442 of the Civil Code (1910), that the
two thirds of the qualified voters of the district required in favor of
such bonds need be only that proportion of the qualified voters voting
in the election, provided that proportion is also a majority of the total
registered voters. 152 *Ga.* 450 (109 S. E. 129). In its answer the
Supreme Court further held that to entitle him to vote, a voter's
name must appear on the list of registered voters filed by the county
registrars with the clerk of the superior court of the county. The
record shows that the names of 15 voting for bonds, not disqualified
by the trial judge, did not so appear. In further instructions the
Supreme Court held also that, while the subscription of a voter's name
on the voter's book of the tax-collector of the county is prima facie
evidence that the voter took the oath prescribed by law, he must actually
have taken such oath. It indisputably appears that at least four
voters for bonds, and not among those disqualified by the trial court,
did not take this oath. The 128 votes for bonds being thus reduced by
19, leaving only 109 registered qualified affirmative votes, and 58 votes
having been ˙cast against the bonds, it appears that of the total quali-
fied votes cast, less than two thirds were in favor of bonds, and conse-
quently the intervenors' objections should have been sustained and the
judgment of the court below must be

*Reversed. Stephens and Hill, JJ., concur.*

DECIDED FEBRUARY 1, 1922.

Validation of school bonds; from Worth superior court — Judge
Eve. August˙ 14, 1920.

*Passmore & Forehand,* for plaintiffs in error.

*J. H. ˙Tipton, R. S. Foy, solicitor-general,* contra.