16699.   CLAY *et al. v.* AUSTELL SCHOOL DISTRICT *et al.*

JENKINS, P. J.   1. The petition for the validation of bonds, filed by the solicitor-general, against the Austell School District, which is alleged to be a legally constituted and established school district in the county of Cobb, State of Georgia, was not subject to demurrer on the ground that it set forth no proper party defendant. "If the election for district bonds was unauthorized because the district was not one in which a local tax was levied or was not in a county which levied such a tax, it was incumbent upon the defendant or the intervenors to plead and prove such facts." *Powell* v. *Consolidated School District,* 26 *Ga. App.* 135 (1 *a*) (105 S. E. 616).

2. "Where statutory proceedings are brought for the purpose of validating

Schools and School District, 35 Cyc. p. 995, n. 30 New.

bonds under the Civil Code (1910), § 445 et seq., and are contested by citizens who become parties thereto and deny the truth of the substantial allegations of the petition, the burden is on the State to prove the material facts which are requisite to obtain validation. *Harrell* v. *Whigham*, 141 *Ga.* 322 (80 S. E. 1010); *Richter* v. *Chatham County*, 146 *Ga.* 218 (91 S. E. 35); *Stephens* v. *School District*, 154 *Ga.* 275 (114 S. E. 197)." *Jennings* v. *New Bronwood School Dist.*, 156 *Ga.* 15, 17 (3) (118 S. E. 560). The only thing admitted by the intervenors was that the district had served the statutory notice on the solicitor-general.

3. The ruling made above is applicable where the petition filed by the solicitor-general alleges facts sufficient to warrant validation of the bonds, and the answer filed by the defendant admits the facts alleged. *Harrell* v. *Whigham*, supra; *Jennings* v. *New Bronwood School Dist.*, supra.

4. Accordingly the court erred in ruling, as set forth in the bill of exceptions, that "the admissions of the allegations by the defendant with exhibits to the answer made a prima facie case for the State," and that "the burden was on the objectors to overcome the prima facie case made by the defendant's answer and exhibits."

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 19, 1926.

Validation of school bonds; from Cobb superior court—Judge Blair. June 1, 1925.

*E. S. Lumpkin, J. J. Barge,* for plaintiffs in error.

*John S. Wood, solicitor-general, Wood & Vandiviere, Anderson, Rountree & Crenshaw,* contra.