18729. TRUSTEES OF ST. CLAIR SCHOOL DISTRICT No. 10 *et al.* v. BROXTON *et al.*

JENKINS, P. J. 1. "No person is lawfully entitled to vote in a school-district bond election held under section 143 of the 'Code of School Laws of Georgia' (Acts 1919, pp. 288, 345), whose name does not appear on any list of the county registrars filed with the clerk of the superior court of the county, showing the names of the registered voters of the county entitled to vote." *Chapman* v. *Sumner Consolidated School District,* 152 *Ga.* 450 (2), 453 (109 S. E. 129).

2. In the instant case it appears, without dispute, that no general or supplementary list purporting to show the registered voters of the school district in which the bond election was held, or of the county in which the district was located, had been certified by the board of registrars and filed with the clerk of the superior court since the year 1921; and it further appears, without dispute, that the names of at least four voters who participated in the bond election held October 17, 1927, and who voted for bonds at that election, had been placed upon the voters' book after the year 1921, and that the names of such voters did not appear upon any general or supplementary list of voters certified by the registrars and filed by the registrars in the office of the clerk of the superior court; and it further appears, without dispute, that two other persons who voted

for bonds were not, at the time of the election, residents of the school district in which the election was held, or of the county in which the school district was located. Accordingly, under the rulings in *Chapman* v. *Sumner Consolidated School District*, supra, the judge of the superior court properly ruled that such voters were not qualified to vote in the bond election.

3. It appearing that at the bond election of October 17, 1927, twenty-eight persons cast their ballots in favor of bonds, and thirteen persons cast their ballots against bonds, and that of the twenty-eight voting in favor of bonds at least six were disqualified to vote in the election, and that after deducting from the total vote for bonds the ballots of such disqualified persons, the total number of votes cast in favor of bonds did not constitute two thirds of the total number of votes cast in the election, the judge of the superior court did not err in refusing to confirm and validate such bonds.

> *Judgment affirmed. Stephens and Bell, JJ., concur.*
> DECIDED MARCH 27, 1928.

*George Hains, solicitor-general, H. J. Fullbright, G. C. Anderson,* for plaintiffs.

*Lewis & Lewis,* for defendants.