25311. HARDRICK *et al. v.* STATE OF GEORGIA.

300

*T. J. Townsend, A. J. Tulen,* for plaintiffs in error.

*John S. Gibson, solicitor-general, C. A. Williams,* contra.

Guerry, J. On June 7, 1935, the board of education of Bacon County, Georgia, by a resolution, divided Taylor Consolidated School District, by taking therefrom six named lots of land and designating the same as Elim School District. On June 29, 1935, one fourth of the registered qualified voters residing in the new Taylor Consolidated School District presented to the board of trustees of the former Taylor Consolidated School District a signed petition asking that an election be called to determine whether or not bonds should be issued for the purpose of building and equipping a schoolhouse. This election, by resolution of the board of trustees was called for August 3, 1935. The election was properly advertised and held, and resulted in favor of the issuance of the bonds. On August 19, 1935, one fourth of the patrons of the original Taylor Consolidated School District filed with the board of education of Bacon County objections to the division of the district, and asked for the calling of an election to allow the people of that district to determine whether said rearrangement of said Taylor School District into two new districts should be made. This objection was supplemented by another filed on September 6, 1935. No action on these petitions was ever taken by the board of education. On August 30, 1935, the board of trustees gave notice to Hon. John S. Gibson, solicitor-general, of the election for bonds in Taylor Consolidated School District and its result, as provided by law. On the same day the solicitor-

general filed in the superior court a proceeding to validate the bonds, and made as party defendant the board of trustees of Taylor Consolidated School District. On September 20, 1935, A. H. Hardrick et al. filed a petition asking that they be allowed to intervene and to file answer to the validation proceeding as defendants therein, or such other pleadings as might be necessary in the proper and legal termination of said cause. Their prayer for intervention was allowed. They filed a demurrer, which was overruled, and they made answer. After hearing, the court passed an order validating the bonds.

■ We shall first consider the demurrer. It was "1. Intervenors demur to [the] proceedings, because the same are totally insufficient as a matter of law to validate said bonds. 2. Because there are not sufficient allegations therein made to entitle petitioner to proceed under the law, and any proceeding thereunder would be illegal, contrary to law, and without the authority of the same. 3. Because there is no cause of action which would entitle petitioner to recover set out therein." The proceeding to validate bonds of a political subdivision of this State, brought by the solicitor-general, is purely statutory. The provisions of the statute are to be followed. No more is required and nothing less is sufficient. The Code of 1933, § 87-302, declares that "the solicitor-general . . shall prepare and file in the office of the clerk of the superior court of the county in which the election was held, a petition . . setting forth the service of said notice, the name of the county, municipality, or political division seeking to issue said bonds, the amount of the bonds to be issued, for what purpose to be issued, what interest they are to bear, how much principal and interest is to be paid annually, when to be paid in full, and that an election was held to authorize the issuance of said bonds, and that said election is prima facie in favor of the issuance of said bonds; and shall obtain from the judge of said court an order requiring the county, municipality, or political division by its proper officers, to show cause," etc. The petition of the solicitor-general set out every fact required by this section. It was therefore not subject to the general demurrer. This answers the contention of counsel, that, because the petition did not set out either (1) that Taylor Consolidated School District was one "in which a local tax is now or may hereafter be levied for school

purposes," or (2) is a school district "in a county now levying a local tax," either of which facts, under the Code, § 32-1401, underlies the authority of a school district to float bonds for school purposes (*Sheffield* v. *Patmos School District,* 157 *Ga.* 660, 122 S. E. 57), the petition was defective, as failing to show the authority of Taylor Consolidated School District to issue bonds, and should have been dismissed. No such requirement is provided for in § 87-302, and none is to be read therein by construction. If Taylor Consolidated School District was not one levying a local school tax or was not within a county which levied a local school tax, this is a matter of defense, and not a matter requiring affirmative allegations. See *Edwards* v. *Clarkesville,* 35 *Ga. App.* 306 (133 S. E. 45); *Spencer* v. *Clarkesville,* 129 *Ga.* 627 (59 S. E. 274); *Sewell* v. *Tallapoosa,* 145 *Ga.* 19 (88 S. E. 577). At the hearing there was evidence to show that Taylor Consolidated School District was a district within a county levying a school tax.

■ It appears that upon the division of the Taylor Consolidated School District no new trustees were elected for the new Taylor Consolidated School District, but that the trustees of the original district continued to act for the new district. The petition by one fourth of the registered voters of the new district to call the election for determining if bonds would be issued was addressed and presented to them; they called the election, held it, published the result, and notified the solicitor-general thereof as required by law. Counsel for the plaintiffs in error urge that upon the rearrangement of a school district the law contemplated the election of new trustees, and that upon the division of the Taylor District they were stripped of any further power to act in that capacity, and therefore that all of their acts in the premises were null and void. While the law may contemplate and require the election of new trustees, and that the original trustees do not succeed to their offices as to the new district, yet it is certainly true that they purported to hold the office and to act for the district, and did act; and as such they were acting as de facto officers, and their acts in the premises are not subject to attack in this proceeding. In *Stephens* v. *School District,* 154 *Ga.* 275 (8) (114 S. E. 197), it was said: "The trustees of this district were not elected by the voters of this district, but seem to have been recommended for these offices by a mass meeting of fifteen or twenty citizens.

Upon this recommendation the county board of education commissioned the persons so selected as trustees of this district; and they have acted as such ever since they got their commissions. The notice, calling the election to determine whether bonds should be issued for building and equipping a school house in this district, was signed by two of these trustees, and approved by the ordinary of the county and the county board of education. The intervenors objected to the validation of these bonds on the grounds, that, as these trustees were not elected by the citizens of the district as required by law (Code of School Laws, sec. 120, Ga. Laws 1919, p. 335, Civil Code of 1910, § 1533), their appointment, the calling of said election, and the election itself were null and void. *Held,* that such trustees were de facto trustees, and their action as such in calling this election can not be collaterally attacked as void on account of the manner of their selection and appointment. *DeLoach* v. *Newton,* 134 *Ga.* 739 (68 S. E. 708, 20 Ann. Cas. 342) ; *Morris* v. *Smith,* 153 *Ga.* 438 (112 S. E. 468)." See also *Sheffield* v. *Palmos School District,* supra.

■ After the board of education of Bacon County, on June 7, 1935, by proper resolution had divided Taylor Consolidated School District into the Taylor Consolidated School District and Elim School District, and an election had been called which resulted in favor of the issuance of the bonds by the new Taylor Consolidated School District, one fourth of the patrons of the original district petitioned the board of education of Bacon County, objecting to the division of the district, and requesting that an election be called to determine whether the district should be divided. No action on this petition was ever taken by the board of education. Counsel for the plaintiffs in error contend that because of the failure to call the election as provided for in the Code of 1933, § 32-917, the district has never been legally divided. This section unquestionably makes an election necessary before a division can be made if one fourth of the patrons of the school district present a timely petition; and while there is no time fixed by the statute as to when the petition must be presented, we think that after the resolution dividing the county has been made and an election has been held, after proper notice, and over two months have elapsed since the division, such a petition comes too late. See *Maddox* v. *Gilbert,* 165 *Ga.* 152 (140 S. E. 358).

■ The judge did not err in passing an order validating the bond issue.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*