31045.  LUMPKIN *et al. v.* STATE OF GEORGIA *et al.*

230

DECIDED NOVEMBER 21, 1945.   REHEARING DENIED DECEMBER 5, 1945.

*James Maddox,* for plaintiffs in error.

*Henderson Lanham, solicitor-general, Chastine Parker,* contra.

SUTTON, P. J. ■ It is contended by the plaintiffs in error that the notice of the election was insufficient, for the reason that it was signed by the trustees as individuals, instead of in their official capacity. This contention is without substantial merit, under the record here presented. The petition for the election was addressed to the board of trustees, the resolution calling the election was passed by the board of trustees, and authorized the publication and posting of the notice of the election by the board of trustees, and the resolution calling the election was officially declared by the trustees, and the election was held in response to the notice, with 80 voting for bonds and 12 against, out of the total number of 138 voters in the district, according to the list furnished to the election managers by the tax collector.

■ The notice of the election was published in the newspaper in which the sheriff's advertisements of the county are published, on April 19, 23, 30, and on May 7, 1945, and the election was held on May 19, 1945. It is contended by the plaintiffs in error that this did not comply with the provisions of the Code, § 87-201, in that the notice was not published for a period of 30 days before the election, but for only 29 days, and the Code, § 102-102,

is cited to sustain this contention. Section 87-201 provides that the notice shall be published for the space of 30 days next preceding the election. Counting April 19, the first day of the publication, and not counting May 19, the day of the election, the notice was published for the space of 30 days before the election, as required by section 87-201. *Montford* v. *Allen,* 111 *Ga.* 18-30 (36 S. E. 305). The contention of the plaintiff in error in this respect is without merit.

■ According to the record, no list of the registered qualified voters of the county or district was filed in the office of the clerk of the superior court by the board of registrars or by anyone else at any time during the years 1944 or 1945, but the registrars had made up a list of the registered voters of the county and left it in the tax collector's office; and it is contended by the plaintiffs in error that there were no legally registered qualified voters in said school district who could present a petition to the board of trustees requesting that an election be called, or who could vote in the election subsequently called. The Code, § 34-404, provides that, "Within five days after completing the list of voters, the registrars shall file with the clerk of the superior court of their county a complete list of the registered voters of the county as prepared and determined by them." It was held in *Chapman* v. *Sumner Consolidated School District,* 152 *Ga.* 450 (2) (supra), that: "No person is lawfully entitled to vote in a school-district bond election held under section 143 of the 'Code of School Laws of Georgia' (Acts 1919, pp. 288, 345), whose name does not appear on any list of the county registrars filed with the clerk of the superior court of the county showing the names of the registered voters of the county entitled to vote. (a) This is true notwithstanding the name of such person does appear on the voters' book of the tax-collector of the county, and, except as to registration as mentioned in the headnote numbered two, he is otherwise a qualified voter under the law of Georgia. . . (d) This is true although the name of such person 'does appear on the certified list of registered voters furnished by the ordinary to the managers of the election and also appears on the voters' book of the tax-collector of the county, and although the name of such person was entered in such voters' book within six months of said special bond election but more than six months before the next

ensuing general state election,' and, except as to registration as mentioned in the headnote numbered two, he is otherwise a qualified voter under the laws of Georgia." In the opinion in that case it was said: "The voter's name must appear on a list general or supplementary, of the county registrars, filed with the clerk of the superior court of the county, showing the registered voters of the county entitled to vote; otherwise such person can not vote." See also *Sheffield* v. *Patmos School District,* 157 *Ga.* 660, 665 (122 S. E. 57); *Chapman* v. *Sumner Consolidated School,* 28 *Ga. App.* 152 (110 S. E. 453); *Trustees of St. Clair School District* v. *Broxton,* 38 *Ga. App.* 65 (142 S. E. 575). Under the ruling in the *Chapman* case, the provision in the Code, § 34-404, that the registrars shall file a list of the registered voters with the clerk of the superior court of the county, seems to be mandatory. Under the act of 1921 (Ga. L. 1921, p. 221), it was provided that the tax collector of the county furnish the list of registered voters to the election managers of the school district, instead of the ordinary, as was provided by the act of 1919, effective at the time the *Chapman* case was decided by the Supreme Court; and, while it appears from the agreed statement of facts in the present case that the list of voters furnished by the tax collector to the election managers was made up from the list of voters deposited in the tax collector's office by the registrars of Floyd County (not in the office of the clerk of the superior court), and there were not sufficient errors in said list to have changed the result of the election, still under the ruling of the Supreme Court in the *Chapman* case, the ones signing the petition to the board of trustees to call the election and those voting in said election were not registered qualified voters so as to entitle them to sign the petition or to vote in the bond election, and under the rulings in the case just mentioned the bond election was void.

■ The list of voters used was certified by the tax collector, and not by the board of registrars, and was furnished to the election managers on May 18, 1945, one day before the election, instead of being furnished to said election managers ten days before said election, and it is contended that the election was void for this reason. It does not appear that the result of the election would have been different had the list been certified and furnished to the election managers ten days before the election. Under the ruling in *Haw-*

*thorne* v. *Turkey Creek School District,* 162 *Ga.* 462, 467 (134 S. E. 103), it seems that the provision in the Code, § 32-1401, requiring that the tax collector furnish a certified list of registered voters in the school district to the election managers ten days before the election is directory. Failure to observe a directory provision of the law will not void an election, unless it is shown that the result of the election would have been different if the provisions had been observed. See Code, § 34-3101. Consequently, the point raised that the list of registered voters was not furnished in time to the election managers is without merit.

■ The indebtedness of the school district, including the proposed bond issue of $10,000, had been reduced. to an amount within the constitutional limitation of seven per centum of the assessed value of the taxable property in said school district (Code, § 2-5501), and the question raised in this respect has become moot.

■ The bond election was invalid for the reasons stated in division 3 of the above opinion.

*Judgment reversed. Felton and Parker, JJ., concur.*