All parties who would be affected by a judgment of reversal, and all parties who are interested in sustaining the judgment of the court below, are indispensable parties in the Supreme Court, and must be made parties to the bill of exceptions, or the writ of error must be dismissed. Edwards v. Wall, 153 Ga. 776 (113 S.E. 190); Emanuel Farm Company v. Batts, 176 Ga. 552 (168 S.E. 316); Malsby v. Shipp, 177 Ga. 54
(169 S.E. 308). Where from the record it appears that parties to the litigation in the court below, who are directly interested in having the judgment excepted to reversed by this court, are not made parties to the bill of exceptions, this court is without jurisdiction to entertain the bill of exceptions. and will dismiss the writ of error on its own motion, and this is true although there may be, as here, a motion to dismiss the writ of error upon other grounds.
Writ of error dismissed. All the Justicesconcur.
 No. 15524. JULY 3, 1946.
On November 20, 1945, J. W. Tuggle filed an equitable petition in the Superior Court of Fulton County against J. A. Parker for the foreclosure of a lien represented by a contract and notes, attached as exhibits, upon a certain retail-grocery business. It was alleged: that Parker had attempted to negotiate a sale of the business to J. S. Winters and N. A. Baxley approximately two weeks prior to the time of the filing of the petition; that the defendant had left the goods in the hands of Winters and Baxley without *Page 51 
completing any definite transaction with them; that Winters and Baxley are buying and selling as though a sale had been finally completed, but they have not accepted the offer made by Parker to them; that no person is responsible for the preservation of the property; that Parker has abandoned it; and that Winters and Baxley assert no interest, ownership, or claim. It was further alleged that H. L. Newton was asserting some interest or claim of lien against Parker, and that he had either foreclosed his lien or was attempting to foreclose the same in the Civil Court of Fulton County. The prayers were: for process against the defendant Parker; that Newton be served with a copy of the writ and be required to show cause why he should not urge his claim in the superior court; that Newton be restrained from changing the status of the property; that some suitable person be named as receiver to take charge of the property; that petitioner have judgment for the full amount of his debt; and for other relief.
The defendant, J. A. Parker, and H. L. Newton were duly served, and on return of the rule to show cause as to the appointment of a receiver, the court on November 23, 1945, appointed J. W. Tuggle as such receiver. On the same date (November 23) Tuggle, as plaintiff in the original petition, filed an amendment alleging that J. S. Winters and N. A. Baxley had concluded the sale referred to in the original petition; and that Winters and Baxley had refused to pay the purchase-price, and are liable to the receiver for the full purchase-price they had agreed to pay. It was further alleged that Peoples Bank, a corporation, is asserting some lien, the precise nature being to the plaintiff unknown, and in order to avoid a multiplicity of suits that Peoples Bank should be required to desist from further prosecution of its claim and should plead in the superior court and set up such rights as it might have under the law. The prayers of the amendment were: for a rule against J. S. Winters and N. A. Baxley, as individuals and a partnership, to show cause why they should not be made parties defendant, and requiring Peoples Bank to plead in the plaintiff's case; that the receiver appointed by the court be directed to liquidate the assets; and that the receiver have judgment against Winters and Baxley for $4900, or so much as might be necessary to discharge any deficit between the sum realized from the sale of the property by the receiver and the purchase-price as contracted between Parker and *Page 52 
Winters and Baxley. The amendment was allowed, subject to objections and demurrer.
On December 11, 1945, J. W. Tuggle, as receiver, filed an intervention, in which it was alleged: that Winters and Baxley have negotiated a lease on the property in which the grocery business was located, and certain personal property listed, with Mrs. Margaret Kistner, as executrix of the estate of Byron C. Kistner; that Mrs. Kistner, as executrix, is a necessary party to the action, and should set up any rights which she might have in the same action as to any money due her by J. A. Parker and any money due her by reason of the occupancy of the premises by the receiver; and that she be required to show cause why the interest in the lease to Winters and Baxley should not be decreed into the purchaser of said business in the sale authorized by the court on November 27. The prayers were: that the intervention be allowed; that the interest or right of occupancy obtained by Winters and Baxley under the lease from Mrs. Kistner be decreed in the receiver, to be by him conveyed to the purchaser of the grocery business; that Mrs. Kistner, as executrix, show cause why she should not be made a party thereto; that the demands against Winters and Baxley for a recovery of any deficit between the sums realized from the sale of said property by the receiver and the purchase-price which they had agreed to pay proceed in the name of the receiver; and for such other relief as the court deem proper. The intervention was allowed, subject to demurrer.
On January 17, 1946, Winters and Baxley filed identical demurrers to the original petition, as amended, and to the intervention of the receiver. On April 12, 1946, the court, on the demurrers of Winters and Baxley, ordered "that said demurrers, each and all be and the same are hereby sustained, and that said petition, as amended, and said intervention be and the same are hereby dismissed as to said demurrants."
The bill of exceptions recites: "To the order and judgment of the court sustaining the said demurrer of the said Baxley and the said Winters, and dismissing as to them the original petition, as amended, J. W. Tuggle, as receiver, excepts and assigns error thereon as being contrary to law."
It was alleged in the original petition that H. L. Newton had either foreclosed a lien or was attempting to foreclose a lien in the *Page 53 
Civil Court of Fulton County, and that a court of equity should require Newton to urge his claim in the same action; and Newton was served with a copy of the petition and process. In the amendment filed by the plaintiff, Peoples Bank, a corporation, was named as a party at interest, and the amendment contained a prayer that the bank be required to plead in the same cause, and it was served with the amendment and rule nisi thereon. Mrs. Margaret Kistner was named as a party at interest in the intervention filed by Tuggle, as receiver, and she was served with a copy of the petition and rule nisi. It appears from the bill of exceptions that none of the parties above named were named as parties in the bill of exceptions, nor were they served, nor was service waived by them. It further appears that there is no exception by Tuggle as plaintiff in the original cause to the order sustaining the demurrers of Winters and Baxley to his amendment (the sole exception being by the receiver to the order sustaining such demurrers). There is no exception by the receiver to the order sustaining the demurrers to his intervention.