31365. PARSONS, next friend, etc. *v.* KIMSEY, administrator, etc.

31366. PARSONS *et al. v.* KIMSEY, administrator, etc.

Decided October 17, 1946.

*H. T. Oliver, H. T. Oliver Jr.,* for plaintiffs in error.

*Kimzey & Griggs, Irwin R. Kimzey, Hamilton Kimzey,* and *Jack Adams,* contra.

BROYLES, C. J. The above-named cases were tried together, and their records disclose the following undisputed facts: M. B. Parsons, a resident of Habersham County, Georgia, died intestate, and E. J. Kimsey qualified as administrator of the estate. Minor Parsons filed a claim against the estate for $600 for alleged services rendered the intestate; and Mrs. Mildred Parsons, as next friend of her minor daughters, Isabel B. Parsons and Demie Ruth Parsons, filed a claim for $735 for alleged services by said daughters to the intestate. Mrs. India Parsons Gowder, A. M. Grier, Mrs. Monree Parsons Ivie, Mrs. Addie Parsons Chitwood and Robert Parsons, who were heirs at law of the intestate, denied the justness of these claims. Thereupon, the administrator of the estate filed, in the superior court, a petition for direction, and named therein as defendants all of the above-named claimants, except the two minors, and the above-named heirs at law who were objecting to the claims. Service of the petition was acknowledged by all the defendants.

On the trial, all the defendants were present and represented by counsel. After the admission of evidence, and argument of counsel for the administrator, counsel for the claimants, and counsel for the heirs at law, who were opposed to the allowance of the claims, the judge, presiding without the intervention of a jury, rendered a judgment against the claimants.

The two claimants filed separate motions for a new trial, each motion was overruled, and each claimant assigned error, in separate bills of exceptions, on the judgment denying a new trial. However, in neither bill of exceptions were the above-named heirs at law, who were resisting the claims, made parties to the bill of exceptions. And the above-named heirs at law have filed a timely motion to dismiss both bills of exceptions, on the ground that they, the heirs at law, are directly interested in the sustaining of the judgment of the trial court denying the claims in question, for the reason that, as heirs at law of the intestate, their distributive shares of his estate would be reduced in amount or value if the claims in

question should be allowed. The administrator has also moved to dismiss both bills of exceptions, for the same reason.

Headnote 1 in *Malsby* v. *Shipp,* 177 *Ga.* 54 (169 S. E. 308) reads: "All parties who are interested in sustaining the judgment of the court below, or who would be affected by a judgment of reversal, are indispensable parties in the Supreme Court, and must be made parties to the bill of exceptions, or the writ of error will be dismissed." See also, to the same effect, *Poteet* v. *Beaver,* 180 *Ga.* 383 (178 S. E. 721) ; *Hancock* v. *Lizella Fruit Farm,* 184 *Ga.* 73 (190 S. E. 362) ; *Parker* v. *Paty,* 64 *Ga. App.* 428 (13 S. E. 2d, 525).

Under the foregoing rulings, the writ of error in each of the instant cases must be, and is,

*Dismissed. MacIntyre and Gardner, JJ., concur.*