31703. DARBY *et al.* v. CITY OF VIDALIA *et al.*

DECIDED SEPTEMBER 13, 1947. REHEARING DENIED OCTOBER 3, 1947.

*W. T. Darby, W. Reeves Lewis,* for plaintiffs in error.
*Jackson & Graham,* contra.

SUTTON, C. J. (After stating the foregoing facts.) It is well-settled law that all parties to a cause who are interested in sustaining the judgment of the court below are indispensable parties in the Court of Appeals, and must be made parties to the bill of

exceptions or the writ of error will be dismissed. *Pritchard* v. *Kraft Cheese Company*, 72 *Ga. App.* 34 (1) (32 S. E. 2d, 862); *Fitzgerald Cotton Mills* v. *Murray*, 69 *Ga. App.* 636 (26 S. E. 2d, 492); *Parsons* v. *Kimsey*, 74 *Ga. App.* 398 (39 S. E. 2d, 897). The plaintiffs in error contend that the State of Georgia is merely a nominal party to the proceedings and that it has no interest in sustaining the judgment of the court below and is not a necessary party to the bill of exceptions. The provisions of the revenue-certificate act and the law relating to bond issues are substantially the same with respect to the judgment of validation. *Gibbs* v. *Social Circle*, 191 *Ga.* 422, 424 (12 S. E. 2d, 335).

In the present case, the City of Vidalia notified the solicitor-general of the judicial circuit in which it was situated of its desire to issue certain revenue-anticipation certificates, as required by the Code (Ann.), § 87-815; whereupon, the solicitor-general, in the name of the State of Georgia, filed a petition in the superior court directed against the City of Vidalia and its officers requiring them to show cause why the certificates and the security for the payment therefor should not be confirmed and validated, as provided for by the Code (Ann.), § 87-816. This petition was served upon the City of Vidalia and its officers and notice of the hearing was published as required by law. Code (Ann.), § 87-817. The plaintiffs in error, who were citizens and taxpayers of the City of Vidalia, filed objections to the validation of the certificates and were made parties to the said action. Being dissatisfied with the judgment of the superior court overruling their objections and validating the certificates, they excepted to such judgment. Code (Ann.), § 87-818. The only parties designated as defendants in error in the bill of exceptions are the City of Vidalia and its officers. The State of Georgia was not made a party to the bill of exceptions or served with a copy of the same. The plaintiffs in error treat the action as one between them on the one side and the City of Vidalia and its officers on the other and contend that the State of Georgia has no interest in the outcome of the case and for that reason is not a necessary party to the bill of exceptions.

The present action was not one between the intervenors and the City of Vidalia, but was a civil case between the State of Georgia, represented by the solicitor-general, and the City of Vidalia,

and its officers, with the intervenors taking the case as they found it. In this connection, see *Ray* v. *Lavonia*, 141 *Ga.* 626 (2) (81 S. E. 884). The action was properly brought by the State of Georgia against the City of Vidalia. In this connection, see Code (Ann.), § 87-816; *Hardrick* v. *State of Georgia*, 53 *Ga. App.* 299 (4) (185 S. E. 577); *Lumpkin* v. *State of Georgia*, 73 *Ga. App.* 229 (36 S. E. 2d, 123). The State of Georgia was a necessary and indispensable party to the action in the court below, as the express provisions of law require that the action be brought in its name. The burden of making out its case for the validation of the revenue-anticipation certificates was upon the State of Georgia. See *Harrell* v. *Whigham*, 141 *Ga.* 322 (80 S. E. 1010). The court below found that the State of Georgia had established the material allegations of its petition, and entered an order validating the certificates. As plaintiff in the court below on whose petition the judgment excepted to was granted, the State of Georgia is necessarily directly interested in having that judgment sustained by this court. And where it appears from the record that a party to the litigation in the court below who is directly interested in having the judgment excepted to sustained by this court has not been made a party to the bill of exceptions, this court is without jurisdiction to entertain the bill of exceptions and, upon motion of the defendant in error, the writ of error will be dismissed. *Daniel* v. *Virginia-Carolina Chemical Corp.*, 50 *Ga. App.* 275 (1) (177 S. E. 925); *Tuggle* v. *Parker*, 201 *Ga.* 50 (38 S. E. 2d, 803), and citations; *Swafford* v. *Shirley*, 7 *Ga. App.* 347 (66 S. E. 1022); *Parker* v. *Paty*, 64 *Ga. App.* 428 (13 S. E. 2d, 525). It follows, therefore, that the motion of the defendants in error to dismiss the writ of error must be sustained.

*Writ of error dismissed. Felton and Parker, JJ., concur.*