## AUGUSTA NATIONAL BANK *et al.* v. MERCHANTS AND MINERS BANK *et al.*

Where it appears, from an inspection of the bill of exceptions and the record, that all of the parties interested in sustaining the judgment of the court below have not been served with the writ of error, as required by law, and that parties not served will be necessarily affected by the judgment to be rendered by this court in the case, the writ of error will, on motion, be dismissed.

Argued June 20, — Decided July 27, 1898.

Motion to dismiss writ of error.

*Lloyd Thomas, W. P. Robinson* and *Head & Head*, for plaintiffs in error. *J. M. McBride, S. L. Craven, G. R. Hutcheson, Glenn & Rountree* and *J. A. Noyes*, contra.

Cobb, J. When this case was called, a motion to dismiss the writ of error was made on the ground that C. W. Fox, W. H. Kimball, N. C. Matthews, and J. R. Knapp were parties defendant in the original petition, and that their rights were passed upon by the judge when he rendered the final decree in the case; that they were each interested in sustaining the judgment of the court below; that their rights would be affected by any judgment which might be rendered by this court, and they were not parties to the bill of exceptions filed, nor had they been served with the same. From the bill of exceptions and the record it appears, that the

Merchants and Miners Bank brought an action against the North Georgia Land and Manufacturing Company, and the parties named above, besides others, in which it was alleged that the plaintiff was trustee under a mortgage executed by the defendant company to secure certain bonds which had been issued by it, and that the plaintiff was also the holder of certain of these bonds. It was also alleged that Matthews, Fox, and others were liable to account to the defendant company for the sum of fifteen thousand dollars; that Matthews, Kimball, Fox, Knapp, and others were liable for different sums misappropriated by them; that Matthews, Kimball, Fox, and others had fraudulently conspired to depreciate the value of certain property of the defendant company; and that Kimball was the holder of some of the first mortgage bonds, and, having obtained the same fraudulently, was not entitled to collect them. The prayer of the petition was, that the mortgage be foreclosed, that a decree be rendered against the parties alleged to be liable to the defendant company for sums misappropriated by them, and that the proceeds of the foreclosure sale, and whatever might be realized from judgments rendered against these parties, be distributed among the creditors of the defendant company. The case was referred to an auditor, who was directed to report the evidence and his findings of law and fact, the order of reference providing that "the auditor will hear evidence, decide and report the amount of bonds for which the mortgage or trust deed set out in the petition should be foreclosed, and he should determine and report, so far as he can, the names of the owners of such bonds, and the amount owned by each of such persons, and he shall also decide and report any and all other indebtedness and liabilities of any of the other defendants in said case." Among the findings made by the auditor, affecting the parties not served with the bill of exceptions, were, first, that Kimball was the original holder of one of the bonds claimed by him; second, that two of the bonds claimed by him were placed by the defendant company to secure Kimball and one Tumlin against loss on a certain cost bond signed by them for the company; third, that one of the bonds was placed by the defendant company with the trustee

to secure Kimball in the payment of a debt due him by the defendant company for a stated sum, the auditor finding that the debt claimed by Kimball was valid and unpaid; fourth, that the defendant company was due Knapp a stated sum for labor; fifth, that Matthews, Kimball, Fox, and Knapp were not liable for the sums with which they were charged in the original petition. The Augusta National Bank and others, who were intervenors in the case, filed numerous exceptions to the auditor's report, some of law and some of fact. One of the exceptions of law was, that the auditor overruled the motion of intervenors to dismiss the plaintiff's petition on the ground that no cause of action was stated. There was no exception to the finding in favor of Kimball, Fox, Knapp, and Matthews, on the claims made against them in the original bill. There was an exception to the finding in favor of Knapp on his claim for labor, and exceptions which raise questions in which Kimball as a bondholder is interested. After the exceptions were filed, the judge called a special term of the court. The Augusta National Bank and other bondholders of the defendant appeared at the special term and objected to the trial of the case at that term, on various grounds, one of them being that there was no jury present, and that the case required submission to a jury. The court overruled all of the objections, and proceeded to hear the case. All of the exceptions were dismissed, except the one which complained of the finding in favor of Knapp's claim for labor, the priority of which was changed by consent so as to make it an ordinary unsecured claim. A decree was then rendered by the judge in accordance with the auditor's report. The bill of exceptions filed by the Augusta National Bank and another bondholder assigns as error the dismissal of the exceptions and the refusal to approve the exceptions of fact and submit the matter to a jury; the order directing a sale of the property, and the entering of the decree at the special term.

In reply to the motion to dismiss, it is claimed that Matthews and Fox are not necessary parties to the bill of exceptions, because the finding of the auditor was in their favor and unexcepted to, and their status in the decree rendered was absolutely

fixed, and could not be changed by any judgment of this court; that the auditor found in favor of Knapp on his claim for labor, and the priority thus given him was voluntarily abandoned at the hearing before the judge, and therefore that he is not a necessary party to the bill of exceptions. No reason is suggested by counsel why Kimball was not a party to the bill of exceptions. The above statement of facts, taken from an examination of the pleadings in the case, shows that the interests of Kimball are directly involved in the application to foreclose the mortgage which was given to secure the bonds, of which he held some directly, and was interested in others deposited as collateral to secure debts of the defendant company on which he was surety. We do not see how a decision could be made in this case, either affirming or reversing the same, without the rights of Kimball being affected thereby. If a decision by this court would affect him, he is an indispensable party, and the failure to make him a party to the bill of exceptions and to serve him would be fatal to the writ of error. As to Knapp and all the other parties named in the motion to dismiss, without regard to the finding on the several claims held by them, or asserted against them, there is an exception to the auditor's report and an assignment of error in the bill of exceptions in which every person involved in the case is directly interested, and the decision of either would necessarily affect their rights. The point was made before the auditor that there was no cause of action set forth in the petition, and that the same should be dismissed for this reason. The rights of every party to the case would be affected by a decision of this question. Especially is this true as to Kimball and Knapp, who have judgments rendered in their favor for sums of money, which was due by the defendant company to them; and it is also true of Fox and Matthews, in that a judgment was rendered in their favor on the claim set up against them, which judgment, as long as unreversed, is a bar to any suit against them on account of these demands. The assignment of error in the bill of exceptions, that the decree could not properly have been rendered at the special term of the court, is one that affects every party in the case. If the decree is void, Kimball and Knapp have no judg-

ments against the defendant company, and Fox and Matthews are liable to have the claims set up in the original petition asserted against them at some future time. On the two questions last dealt with, it is evident that the presence of all of the parties to the case before this court is necessary to a proper determination of the same, in order that those whose rights will be affected may be bound by the judgment. A failure to make these persons parties to the bill of exceptions and to serve them is fatal to the writ of error, and the same must be dismissed. Civil Code, § 5562; *Price* v. *Lathrop,* 66 *Ga.* 247; *Craig* v. *Webb,* 70 *Ga.* 188; *Knox* v. *McCalla,* Id. 725; *Baker* v. *Thompson,* 78 *Ga.* 742; *White* v. *Bleckley,* 105 *Ga.*

  *Writ of error dismissed. All the Justices concurring.*