## TATE *v.* GOODE *et al.*

1. Where some of several joint defendants'demur to the plaintiff's petition, and the demurrer goes to the substance of the whole petition and challenges the plaintiff's right to any relief, such demurrer inures to the benefit of all, though some may be in default.

2. In a case described in the preceding headnote, if the trial judge overrules the demurrer, and on exceptions of the demurrants this judgment is reversed and this court holds that the petition fails to state a cause of action against any of the defendants, upon the remitter being made the judgment of the trial court the petition will be dismissed, unless amended to meet the defects indicated by this court.

3. Where the remitter is made the judgment of the trial court, reserving the right to the plaintiff to amend, and before any amendment is made the court allows defendants who are in default to file pleading over the objections of the plaintiff, such a ruling is not a final judgment from which a writ of error will lie.

FEBRUARY 18, 1911.

Equitable petition. Before Judge Kimsey. Lumpkin superior court. October 18, 1909.

W. B. Tate filed his petition against Barilla D. Satterfield, Mike Goode, and several other defendants, some of whom were residents of the county where the suit was filed, and others were non-residents. Service was had on the non-residents by publication. In the petition it was alleged that a testator devised certain lands to A and B, and conferred upon his executor power to sell any portion of the land, should this be necessary by reason of some cause unforeseen to the testator, with the consent of the devisees. There was a limitation on the devise to A and B, that if they died leaving no child, children, or grandchildren, the property undisposed of in their lifetime "reverts to those who now by law would be entitled to the same if I had made no will." The devisees conveyed the land to the plaintiff by ordinary warranty deed, making no reference to the will, to the executor, or to the power of sale conferred on the executor. Under this deed the plaintiff went into possession of the land, and has since continued in possession. The executor was fully cognizant of and consented to the sale of the land to the plaintiff by this deed, and the plaintiff purchased the land from the executor, who acted in the premises on the authority of and by the consent of the devisees, A and B, and the sale was made pursuant to the provisions in the will. The devisee B died without children or grandchildren, and the devisee A is still in life, more than eighty years of age, and has no children or grandchildren, and the possibility of

issue is extinct because of her great age. The defendants claim to be entitled under the will to the land on the death of A, and such claim operates as a cloud on the plaintiff's title. The prayers were, that the defendants be required to set up their claim to the land, and that a decree be granted establishing the plaintiff's title, for injunction, etc. Some of the defendants failed to appear, and a default was noted on the docket. Others demurred and filed answers. Among the grounds of the demurrer were, that the petition showed no title to the fee of the land in the plaintiff, and that no equitable right against the defendants was set forth. The demurrer was overruled, and the plaintiff submitted certain evidence, upon the conclusion of which a verdict was directed in his favor. The defendants, who demurred and answered, sued out a bill of exceptions, and this court held that the demurrer should have been sustained. *Satterfield* v. *Tate,* 132 *Ga.* 256 (64 S. E. 60). When the remitter from this court was offered to be made the judgment of the trial court, the plaintiff claimed his right to amend his petition to cure the defects pointed out by the Supreme Court; and the trial court passed an order making the judgment of the Supreme Court the judgment of the trial court, "reserving the right to plaintiff to offer any amendment which may be adjudged to be legal as if offered before this order is signed." Pending the submission of an amendment, certain defendants who were in default, and had not excepted to the final decree, applied to the court to be permitted to file a demurrer and answer in the case. To this the plaintiff made written objections upon the grounds that applicants had been adjudged to be in default, which judgment of default has never been opened, and they were estopped from further litigation by the final decree to which they did not except, and were not further parties to the cause. The court then passed an order, adjudging that the parties offering to plead were entitled to do so, and that their pleadings be allowed filed as timely pleadings in the case. Exceptions are taken to this judgment.

*W. A. Charters, H. H. Dean, F. C. Tate,* and *Samuel H. Sibley,* for plaintiff.

*O. J. Lilly, R. H. Baker,* and *H. H. Perry,* for defendants.

EVANS, P. J. (After stating the foregoing facts.)

The only matter passed on by this court was the correctness of the judgment overruling the demurrer of the excepting defendants.

When that judgment was found to be erroneous, the subsequent proceedings, at least as against the demurrants, were nugatory and presented no question for adjudication. *Jones* v. *Hurst,* 91 *Ga.* 338 (17 S. E. 635). It will be observed from the statement of facts that the grounds of the demurrer went to the right of the plaintiff to maintain his cause of action, and were common to all the defendants. The trial court was called upon to adjudicate, and did erroneously adjudicate, that the plaintiff had such title as could be asserted against all the defendants as residuary devisees under the will of the common propositus. If the trial court in the first instance had sustained the demurrer, that judgment would have inured to the benefit of all the defendants; because it is a general rule that if one defendant pleads matter whereby it appears that the plaintiff has no cause of action against any defendant, and obtains a verdict, the plaintiff is not entitled to judgment against a defendant who has defaulted. Biggs *v.* Benger and Greenfield, 2 Ld. Raymond, 1372; Marler *v.* Ayliffe, Cro. Jac. 134; State *v.* Gibson, 21 Ark. 140; Bowman *v.* Noyes, 12 N. H. 302; Adderton *v.* Collier, 32 Mo. 507; Morrison *v.* Stoner, 7 Ia. 493. When the trial court erroneously overrules a demurrer interposed by some of the defendants, which goes to the very vitals of the plaintiff's case, and the parties excepting and those not excepting stand upon the same ground and their rights are involved in the same question and equally affected by the same decree or judgment, the judgment of reversal will operate in favor of all the defendants. Willie *v.* Thomas, 22 Tex. 175; Walker *v.* Page, 21 Gratt. 636; Tod *v.* Stambaugh, 37 Ohio St. 469. The adjudication by this court was that under the allegations of the petition the plaintiff had no other title than that of a tenant per autre vie,—that is, for the life of the surviving devisee A, and was not entitled to maintain the action against the residuary devisees of the testator, whom the defendants were alleged to be. 132 *Ga.* 256. So that the judgment of this court operates as a reversal of the decree as to all the parties to the case.

We have found it necessary to actually decide the controlling point in the case on its merits, as a premise to the point actually up for decision, viz., that the writ of error is premature because no final judgment has been rendered. When the remitter was made the judgment of the court, it was in order for the petition to be dis-

missed, unless its defects, as pointed out in the decision of this court, were cured by appropriate amendment. No amendment has been made, so far as this record discloses. Unless the petition be amended, the petition must be dismissed; if amended, then the case will still pend. If the amendment will suffice to hold the petition in court, necessarily it is a material amendment which will open a default. *Calhoun* v. *Mosley*, 114 *Ga.* 641 (40 S. E. 714); *Lippman* v. *Ætna Ins. Co.*, 120 *Ga.* 247 (47 S. E. 593). The interlocutory character of the judgment complained of, as well as the uncertain status of the plaintiff's petition, furnishes no basis for a writ of error. *Writ of error dismissed. All the Justices concur.*