ANDERSON *v.* HAAS, executor, *et al.*

BECK, P. J.  C. N. Anderson brought his equitable petition against H. J. Haas, executor, etc., J. I. Lowry, sheriff, J. H. Prichard, the Provident Life and Trust Co., and W. H. Turner. General and special demurrers were filed by H. J. Haas, executor, etc., who also filed an answer. The general demurrer was sustained and the case dismissed. The other

defendants made no appearance. The plaintiff filed a bill of exceptions assigning error on the judgment of the court sustaining the general demurrer. The defendants named in the writ of error are "W. H. Turner et al," and no defendant in error except W. H. Turner is otherwise designated. Service of the bill of exceptions was acknowledged and all further service waived by Underwood, Pomeroy & Haas, "attorneys for defendant in error;" and it appears from the record that they were attorneys only for H. J. Haas, executor. A motion to dismiss the bill of exceptions was filed in this court upon the ground that the other defendants were necessary and essential parties to the bill of exceptions, and that the bill of exceptions had not been served on any one of the parties not named, nor had they acknowledged service thereon as required by law. *Held:*

1. Where suit is brought against several defendants and only one of them appears and files a defense in the form of a general demurrer and a plea and answer, and the demurrer of this defendant is sustained and the case dismissed, the other defendants who are interested in sustaining the judgment should be made defendants in error in the bill of exceptions; and if they are not made parties, the bill of exceptions will be dismissed. Civil Code, §§ 6176, 6160; *Teasley* v. *Cordell,* 153 *Ga.* 397 (112 S. E. 287).

(*a*) Acknowledgment of service in this case is binding upon Haas, executor, whose attorneys acknowledged service, and upon Turner, who is named in the bill of exceptions.

2. An acknowledgment of service on a bill of exceptions by attorneys relates only to the persons who are actually named, or otherwise sufficiently designated therein as defendants in error, when the acknowledgment is entered; and now, since the act of 1911, to those also whom he represented in the trial court. *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190).

3. The abbreviation "et al.," when used in a bill of exceptions, can not be held to designate any person or persons. *Orr* v. *Webb,* 112 *Ga.* 806 (38 S. E. 98).

4. Counsel for the plaintiff in error filed a motion to amend the bill of exceptions by adding thereto the names of other defendants who were omitted from the original bill of exceptions; but it nowhere appears that those defendants have waived service and agreed that the case may be heard, as required by the Civil Code, § 6160 (3).

5. Where essential parties are not made parties to the bill of exceptions, this court is without jurisdiction to entertain the same. Applying the foregoing rulings to the facts of this case, the bill of exceptions must be

*Dismissed. All the Justices concur, except Gilbert, J., absent for providential cause.*

*C. N. Anderson,* for plaintiff.

*Underwood, Pomeroy & Haas,* for defendants.