MALSBY *v.* SHIPP *et al.*

BELL, J. 1. All parties who are interested in sustaining the judgment of the court below, or who would be affected by a judgment of reversal, are indispensable parties in the Supreme Court, and must be made parties to the bill of exceptions, or the writ of error will be dismissed. Civil Code (1910), § 6176; *Emanuel Farm Co.* v. *Batts,* 176 *Ga.* 552 (168 S. E. 316).

2. Where an action is instituted seeking substantial relief against several defendants, and one of them files a demurrer which goes to the substance of the whole petition and challenges the plaintiff's right to any relief, a

judgment sustaining such demurrer "inures to the benefit of all the defendants, and they become interested in sustaining the judgment; and if the plaintiff desires to except to the ruling, it is essential that he make all of the defendants in the trial court defendants in error and serve them with a copy of the bill of exceptions, and a failure to do so will require a dismissal of the writ of error." *Tillman* v. *Davis,* 147 *Ga.* 206 (93 S. E. 201).

3. Where it appears from the record that parties to the litigation in the court below who are directly interested in having the judgment excepted to sustained by this court have not been made parties to the bill of exceptions, "this court is without jurisdiction to entertain the bill of exceptions, and will dismiss the writ of error of its own motion," where no motion to dismiss is made by the defendant in error. *Teasley* v. *Cordell,* 153 *Ga.* 397, 400 (112 S. E. 287); *Tillman* v. *Groover,* 25 *Ga. App.* 118 (102 S. E. 879).

4. In the present case the plaintiff sought to obtain a money judgment and also an injunction against one of the defendants, called the main defendant, and prayed for injunction and other relief against other defendants; but it appeared from the allegations that the plaintiff would in no event be entitled to such injunctive relief against the other defendants unless he had a cause of action against the "main defendant." The court sustained a general demurrer filed by that defendant, dismissing the petition as to him, and the plaintiff excepted but did not make the other defendants parties to the bill of exceptions. *Held:* All of the defendants in the court below against whom the plaintiff sought the writ of injunction were directly interested in sustaining the judgment complained of and were indispensable parties in the Supreme Court; and since these defendants were not made parties to the bill of exceptions, the writ of error must be dismissed. Cf. *Butler* v. *Kendrick,* 172 *Ga.* 322 (158 S. E. 13).

*Writ of error dismissed. All the Justices concur.*

No. 9328. MAY 11, 1933.

*A. R. Dorsey,* for plaintiff.    *Augustine Sams,* for defendants.