"Where it appears from the record that parties to the litigation in the court below who are directly interested in having the judgment excepted to sustained by this court have not been made parties to the bill of exceptions, `this court is without jurisdiction to entertain the bill of exceptions,'" and upon motion made by the defendant in error the writ of error will be dismissed. Malsby v. Shipp, 177 Ga. 54 (3) (169 S.E. 308); Emanuel Farm Co. v. Batts, 176 Ga. 552 (168 S.E. 316); Teasley v. Cordell, 153 Ga. 397 (112 S.E. 287); Tillman v. Groover, 25 Ga. App. 118 (102 S.E. 879); Benson v. Lewis, 176 Ga. 20 (166 S.E. 835); Tillman v. Davis, 147 Ga. 206 (93 S.E. 201).
Writ of error dismissed. Stephens, P. J., and Sutton, J.,concur.
 DECIDED MARCH 1, 1941.
Annie Mae Parker brought this action against W. T. Thomas, doing business as the Thomas Cab Company, and Paul Paty, and alleged in her petition that Thomas was a resident of Catoosa County, Georgia, and that Paty was a resident of Whitfield County, Georgia. Paty filed a plea to the jurisdiction, claiming that he was not a resident of Whitfield County, but was a resident of Catoosa County. The court directed a verdict in favor of the plea to the jurisdiction, and the plaintiff excepted. She did not name W. T. Thomas a party defendant in the bill of exceptions, nor was he served with a copy thereof. Paty made a motion to dismiss the writ of error, on the ground that Thomas is a party interested in having the judgment of the lower court affirmed, and consequently a necessary party to the bill of exceptions. W. T. Thomas was duly served with a copy of the petition and process. *Page 429