30135. FITZGERALD COTTON MILLS *v.* MURRAY *et al.*

Decided July 8, 1943.

*McDonald & McDonald,* for plaintiff in error.
*D. E. Griffin,* contra.

SUTTON, J. The present case is in this court on exceptions by a garnishee to a judgment dismissing a certiorari sued out by the garnishee, complaining, among other things, that the justice of the peace, in whose court the case originated, erred in not entering judgment, on garnishee's motion, in favor of the plaintiff in the garnishment case. The case was commenced in the justice's court by process of garnishment based on a judgment from that court against one who had a judgment from the same court against the garnishee, and may be briefly stated as follows: S. P. Murray obtained a judgment against Fitzgerald Cotton Mills. Rome Milling Company held a judgment against Murray, and put a garnishment on Fitzgerald Cotton Mills. Fitzgerald Cotton Mills answered that for stated reasons Murray's judgment was void, and while it held the amount thereof in hand "subject to the order of this court," asked that "the judgment be held to be a nullity," and the funds not subject. D. E. Griffin, Murray's attorney, claimed a lien for fees on Murray's judgment. The justice of the peace found against the contentions of the garnishee and in favor of the attorney's lien. The garnishee appealed the case to a jury in the justice's court and the jury also found in favor of the lien. Thereupon the garnishee

carried the case by certiorari to the superior court, and on the hearing there, the judge passed an order "overruling and dismissing the certiorari." The garnishee excepted.

■ After we began to examine the record it was discovered that Rome Milling Company, the plaintiff in the garnishment proceeding, had not been made a party in the bill of exceptions, nor served with a copy thereof. No motion was made to dismiss the writ of error; but if Rome Milling Company is an essential party, this court is without jurisdiction to entertain the bill of exceptions, and it is not only our right, but it is our duty to raise the question on our own motion, and if found to be without jurisdiction to entertain the bill of exceptions, to dismiss the writ of error. *Anderson* v. *Haas*, 160 *Ga.* 420 (5) (128 S. E. 178); *Malsby* v. *Shipp*, 177 *Ga.* 54 (3) (169 S. E. 308); *Welborne* v. *State*, 114 *Ga.* 793, 796 (40 S. E. 857); *Tillman* v. *Groover*, 25 *Ga. App.* 118 (1) (102 S. E. 879); *Daniel* v. *Virginia-Carolina Chemical Co.*, 50 *Ga. App.* 275 (2) (177 S. E. 925); *Parker* v. *Paty*, 64 *Ga. App.* 428 (13 S. E. 2d, 525). Is Rome Milling Company an essential party to the bill of exceptions in this case? "All persons who are interested in sustaining the judgment of the court below, or who would be affected by a judgment of reversal, are indispensable parties in the Supreme Court and the Court of Appeals, and must be made parties to the bill of exceptions, or the writ will be dismissed." *Edwards* v. *Wall*, 153 *Ga.* 776 (113 S. E. 190); *Emanuel Farm Co.* v. *Batts*, 176 *Ga.* 552 (168 S. E. 316).

■ It appears from the petition and bond for certiorari that Rome Milling Company was a party to the cause from its inception in the justice's court to the overruling and dismissal of the certiorari in the superior court,. and is an essential party to the bill of exceptions sued out by the garnishee. Since it does not appear to have been made a party in the bill of exceptions, or served with a copy thereof, this court is without jurisdiction to entertain the bill of exceptions, and therefore the writ of error must be dismissed. In addition to the cases cited above, see, also: Code, § 6-1202; *Craig* v. *Webb*, 70 *Ga.* 188; *Knox* v. *McCalla*, 70 *Ga.* 725; *Augusta National Bank* v. *Merchants & Miners Bank*, 104 *Ga.* 857 (31 S. E. 433); *White* v. *Bleckley*, 105 *Ga.* 173 (31 S. E. 147); *Lott* v. *City of Waycross*, 152 *Ga.* 237 (110 S. E. 217); *Teasley* v. *Cordell*, 153 *Ga.* 397, 400 (112 S. E. 287); *Greeson* v. *Taylor*, 160 *Ga.* 392

638

(128 S. E. 177) ; *Gilbert* v. *Tippens,* 183 *Ga.* 497 (3) (188 S. E. 699) ; *Etheridge* v. *Henderson,* 188 *Ga.* 189 (2) (3 S. E. 2d, 674) ; *Swafford* v. *Shirley,* 7 *Ga. App.* 347 (66 S. E. 1022).

*Writ of error dismissed. Stephens, P. J., and Felton, J., concur.*