MOORE *v.* HARRISON *et al.*

No. 15911. SEPTEMBER 5, 1947. REHEARING DENIED OCTOBER 23, 1947.

*William G. McRae* and *Dan Duke,* for plaintiff.

*Barrett & Hayes,* for defendants.

*J. C. Murphy,* for persons at interest, not parties.

HEAD, Justice. (After stating the foregoing facts.) ■ A motion was made to dismiss the writ of error on the ground that the only persons made defendants in error in the case in this court are Harrison and Long, although it appears that there were other defendants in the petition filed in the trial court, and these other

defendants, and particularly Mrs. Thelma Pace King, are interested in sustaining the judgment of the lower court, and are necessary parties to the bill of exceptions.

The motion to dismiss involves two questions of practice. The first is, whether or not the order sustaining the demurrers of Harrison and Long was such a final judgment as might be excepted to directly while the case was still pending in the lower court against the other defendants.

Where two or more defendants are sued on a joint cause of action and the case is dismissed as to one or more of the defendants in such joint cause of action, but is left pending as to one or more of the defendants, the judgment is not final, since the same cause of action is still pending in the court below. See *Johnson* v. *Motor Contract Co.,* 186 *Ga.* 466 (1) (198 S. E. 59). But if the defendants are only sued jointly, and the cause of action is several, then a judgment on demurrer dismissing it as to one or more of the defendants is final in its nature and may be brought to this court by the plaintiff while the case is still pending in the court below as to the other defendants. *McGaughey Bros.* v. *Latham,* 63 *Ga.* 67; *Kollock* v. *Webb,* 113 *Ga.* 762, 766, 767 (39 S. E. 339); *Millers National Ins. Co.* v. *Hatcher,* 194 *Ga.* 451 (22 S. E. 2d, 99).

The second question is, whether or not the order sustaining the general demurrers of Harrison and Long inures to the benefit of all of the defendants.

In *Tate* v. *Goode,* 135 *Ga.* 738 (70 S. E. 571, 33 L. R. A. (N. S.) 310), it was held: "Where some of several joint defendants demur to the plaintiff's petition, and the demurrer goes to the substance of the whole petition and challenges the plaintiff's right to any relief, such demurrer inures to the benefit of all, though some may be in default." See also *Peoples Loan Co.* v. *Allen,* 198 *Ga.* 519 (32 S. E. 2d, 175), and cases cited. Where it appears that the demurrer filed by one of the defendants challenges the plaintiff's right to any relief, and the court sustains this demurrer, the demurrer inures to the benefit of all, and if the plaintiff brings a writ of error to this court, the other defendants are necessary parties to the case and, if not made parties, the case must be dismissed. *Malsby* v. *Shipp,* 177 *Ga.* 54 (169 S. E. 308). This rule does not apply, however, where the demurrer does not challenge the plaintiff's right to any relief, but attacks the petition as failing to set out a cause

of action against the demurring defendant. *Heath* v. *Miller,* 197 *Ga.* 444 (3) (29 S. E. 2d, 416).

In the present case, the demurrers of Harrison and Long to the petition as amended had numerous grounds. Some of the grounds challenged the right of the plaintiff to any relief, and others contended that no cause of action was set out as to the demurring defendants. The court sustained the general demurrers, but dismissed the action only as to the demurring defendants. This order must be construed to mean that the court was sustaining only those grounds of the demurrers based on the contention that no cause of action was alleged against the demurring defendants.

Therefore, we conclude that the demurrers did not inure to the benefit of all of the defendants, and the action remained pending in the lower court against the defendants who had filed no demurrers. Since the case was not based on a joint cause of action, and the order sustaining the demurrers was a final disposition of the cause as to the demurring defendants, the plaintiff could review the judgment of the lower court by direct bill of exceptions to the order sustaining the demurrers, and other parties named defendants in the petition are not necessary parties in this court. *McGaughey Bros.* v. *Latham,* supra; *Jones* v. *Hurst,* 91 *Ga.* 338 (17 S. E. 635); *Hibble* v. *Mutual Oil Co.,* 170 *Ga.* 698 (153 S. E. 771); *Millers National Ins. Co.* v. *Hatcher,* supra; *Heath* v. *Miller,* supra. The motion to dismiss the bill of exceptions is denied.

■ It is contended by counsel for the plaintiff in error that the general demurrers were sustained on the theory that the contracts between King and Harrison, and King and Long, were contracts of partnership, when in reality the contracts amounted to no more than contracts of employment, and that the general demurrers were, therefore, improperly sustained. Counsel apparently concede that, if Harrison and Long were operating their respective businesses as partners of King, the plaintiff in error would not be entitled to the rights claimed as sole surviving partner of King. Counsel for the defendants in error contend that the contracts were contracts of partnership, and not of employment, and that the general demurrers were properly sustained.

The intent of the parties is the true test as to whether or not a partnership relation is created, as between the parties themselves. *Huggins* v. *Huggins,* 117 *Ga.* 151 (43 S. E. 759); 40 Am. Jur. 156,

§ 43. In this case, the contracts do not state the relationship sought to be established. The contracts between King and Harrison, and King and Long, are lacking in the essentials of a partnership agreement, as to third persons. Neither contract is capable of a construction that the contracting parties have a joint interest in the property described therein; nor is either contract capable of the construction that the parties thereto have a joint interest in both profits and losses of the business to be conducted.

It is unnecessary that we should speculate as to the reason which may have prompted King to procure the defendants Harrison and Long to have liquor licenses issued in their respective names and to operate the businesses in their names. Each contract, however, is definite and clear that only money supplied by King is invested in the business. Neither contract makes any provision for Harrison or Long to be responsible for, or share in, any loss that might accrue in the operation of such business. Their participation in the assets of the businesses is to be determined if and when profits have accrued and King has been repaid under the terms stipulated in each contract.

The Code, § 75-102, provides: "A joint interest in the partnership property, or joint interest in the profits and losses of the business, shall constitute a partnership as to third persons. A common interest in profits alone shall not."

A contract whereby one of the contracting parties is to have an interest in profits alone is insufficient to establish a contract of partnership. See *Falk* v. *LaGrange Cigar Co.*, 15 *Ga. App.* 564 (84 S. E. 93); *Allgood* v. *Feckoury*, 36 *Ga. App.* 42 (135 S. E. 314); *Beard* v. *Oliver*, 52 *Ga. App.* 229 (182 S. E. 921); *Hannifin* v. *Wolpert*, 56 *Ga. App.* 466 (193 S. E. 81); *Lanier* v. *Shuman*, 195 *Ga.* 246 (24 S. E. 2d, 55).

In holding that the contracts do not establish a partnership relation, we do not preclude a different result should the evidence upon a trial of the issues made authorize, or require, a jury to find that a partnership actually existed between the contracting parties.

The ground of demurrer that Mrs. Moore, if a partner at all with J. B. King, was a silent partner, which fact was unknown to the defendants, and that the petition, therefore, set forth no cause of action against them, is without merit. It has been held that a dormant or silent partner is liable to everybody dealing with the

partnership for the contracts of the partnership so long as he remains a member thereof. See *Phillips* v. *Nash*, 47 *Ga.* 218. If a silent or dormant partner is liable for obligations, it necessarily results that the partnership is not to be denied its right of recovery of partnership assets merely because one partner may be a silent or dormant partner.

It was error to sustain the demurrers of the defendants.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*