WHITEHEAD *v.* HOGAN BROS. LUMBER CO. *et al.*

CANDLER, Justice. S. S. Whitehead filed an equitable suit in the Superior Court of Clarke County against Hogan Brothers Lumber Company, Mrs. Margaret D. Murray, and Farmers Bank of Monroe. The prayers were for damages, injunction, and general relief. Hogan Brothers Lumber Company filed a general demurrer attacking the sufficiency of the petition to state a cause of action for any of the relief prayed. The demurrer was sustained upon each and every ground, and the petition was dismissed as to all of the defendants. The plaintiff excepted. The bill of exceptions named only Hogan Brothers Lumber Company as defendant in error, and recited that Mrs. Murray and Farmers Bank of Monroe were not named defendants in error because they had been stricken on demurrer, are no longer parties to the proceeding, and consequently not interested in sustaining or reversing the judgment. *Held:*

1. It is always the duty of this court, with or without motion, to inquire into its jurisdiction, and to dismiss a writ of error where jurisdiction is lacking. *Dobbs* v. *Federal Deposit Ins. Corp.,* 187 *Ga.* 569 (1 S. E. 2d, 672); *McDowell* v. *McDowell,* 194 *Ga.* 88 (20 S. E. 2d, 602); *Brockett* v. *Maxwell,* 200 *Ga.* 213 (36 S. E. 2d, 638).

2. All parties who are interested in sustaining the judgment excepted to, or who would be affected by a judgment reversing it, are indispensable parties in the Supreme Court and must be made parties to the bill of exceptions, or the writ of error will be dismissed for want of jurisdiction. Code, § 6-1202; *United States Leather Co.* v. *First National Bank of Gainesville,* 107 *Ga.* 263 (33 S. E. 31); *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190); *Emanuel Farm Co.* v. *Batts,* 176 *Ga.* 552 (168 S. E. 316).

3. Where, as in this case, an action is instituted seeking substantial relief against several defendants, and one of them files a demurrer which goes to the substance of the whole petition and challenges the plaintiff's right to any of the relief prayed, and the demurrer is sustained, the resulting dismissal of the petition inures to the benefit of all the defendants, and they consequently become interested in sustaining the judgment. *Tate* v. *Good,* 135 *Ga.* 738 (70 S. E. 571, 33 L. R. A. (N. S.) 310); *Tillman* v. *Davis,* 147 *Ga.* 206 (1) (93 S. E. 201); *Edwards* v. *Wall,* supra.

4. In the instant case it affirmatively appears from the record that there were parties in the court below against whom substantial relief was sought, and who are directly interested in having the judgment excepted to sustained by this court, but who have not been made parties in the bill of exceptions, nor served with a copy of the same. Consequently, this court is for that reason without jurisdiction, and will dismiss the writ of error upon its own motion.

*Writ of error dismissed. All the Justices concur.*

No. 16766. SEPTEMBER 16, 1949. REHEARING DENIED OCTOBER 13, 1949.

*Rupert A. Brown* and *Mark Dunahoo,* for plaintiff.
*R. M. Nicholson* and *Erwin, Nix & Birchmore,* for defendant.