CALHOUN v. DOWDY.

No. 17344. FEBRUARY 14, 1951.

*Jesse T. Edwards,* for plaintiff.
*Robert B. Williamson,* for defendant.

DUCKWORTH, Chief Justice. The only allegations of the petition which show grounds for the relief prayed are those relating to duress in the form of threats of bodily harm made by the authorized agents of the defendant. These are set forth in the statement of facts preceding this opinion. Although the threats to throw the petitioner into the river, at a time when she was alone with the defendant's agents and approaching the river, if she refused to promise to execute the deed, were sufficient to constitute duress in that at the time there was an apparent intention and ability to carry out such threats, yet the repetition of the threat and other acts of intimidation alleged to have occurred in the presence of Mr. Wilcox, in the absence of allegations showing that the petitioner was unable to secure protection from Mr. Wilcox, would not have been sufficient to show the signing of the deed to be the result of such duress as would avoid it. However, delivery of a deed to land is essential to its validity as a conveyance. Code, § 29-101; *First Nat. Bank of Gainesville* v. *Harmon,* 186 *Ga.* 847 (199 S. E. 223); *Cooper* v. *Littleton,* 197 *Ga.* 381 (29 S. E. 2d, 606); *Thomas* v. *Lockwood,* 198 *Ga.* 437 (31 S. E. 2d, 791). Was delivery of the deed here involved made in conformity with the law? The petitioner alleges that, after signing the same, she retained possession thereof; and that, while on her way to the truck with the defendant's mother and her husband, she refused to deliver the deed to the mother when requested by her to do so, and thereupon the petitioner was told to remember the river, and because of that threat she involuntarily delivered the deed to the defendant's mother. Mere empty threats in the absence of a present apparent intent and ability to carry such threats into execution are insufficient to constitute duress that will void a deed. *Hoover* v. *Mobley,* 198 *Ga.* 68 (31 S. E. 2d, 9); *Mims* v. *Cooper,* 203 *Ga.* 421 (46 S. E. 2d, 909). However, "threats of bodily harm, sufficient to overcome the mind and will of a person of ordinary firmness, and made for the purpose of coercing and which do actually coerce another into executing a promissory note, constitute duress and render such transaction voidable." *King* v. *Lewis,* 188 *Ga.* 594 (1) (4 S. E. 2d, 464). At the time the threat of the river was repeated if the petitioner refused to deliver the deed, she, a woman 53 years old, was alone with the defendant's mother and her husband

who were making the threat, and they were approaching the truck in which they would have been able to carry her to the river and execute that threat. These alleged facts were sufficient to show an apparent intent and ability and, hence, sufficient to overcome the mind and will of a person of ordinary firmness. They were therefore sufficient to constitute duress and, hence, sufficient to void the deed which was delivered as a result thereof. Code, §§ 20-503, 96-201. The portion of the amended petition setting up these acts was sufficient to allege grounds for the relief prayed, and for this reason and it alone—notwithstanding all other allegations of the petition were insufficient to withstand the demurrer—was yet sufficient to allege grounds for the relief sought, and the court erred in sustaining the demurrer and dismissing the petition.

*Judgment reversed. All the Justices concur.*