## CLAY *v.* SMITH.

CANDLER, Justice. Mrs. Alva Clay filed an equitable suit in the Superior Court of Bibb County against G. C. Smith, Zettler C. Clay, and Dan D. Dunwoody, the latter as Tax Commissioner for Bibb County. She prayed for substantial relief against each of the defendants. Dunwoody was not served, made no appearance, and consequently did not become a party to the cause. Clay was served, but filed no pleadings. Smith was served, and in due time filed a general demurrer attacking the sufficiency of the petition to state a cause of action for any of the

relief sought. The demurrer was sustained, and the petition was dismissed as to all of the defendants. The plaintiff excepted. The bill of exceptions named only G. C. Smith as defendant in error, and he alone was served as such. *Held*:

1. "It is always the duty of this court, with or without motion, to inquire into its jurisdiction and to dismiss a writ of error where jurisdiction is lacking." *Whitehead* v. *Hogan Bros. Lumber Co.,* 205 *Ga.* 890 (1) (55 S. E. 2d, 371). See also, in this connection, *Brockett* v. *Maxwell,* 200 *Ga.* 213 (36 S. E. 2d, 638), and the cases there cited.

2. All parties who are interested in sustaining the judgment of the trial court, or who will be affected by its reversal, are indispensable parties to a review of the case by this court, and, consequently, must be made parties to the bill of exceptions, or the writ of error will be dismissed. Code, § 6-1202; *Tuggle* v. *Parker,* 201 *Ga.* 50 (38 S. E. 2d, 803); *Pritchett* v. *Ellis,* 203 *Ga.* 1 (45 S. E. 2d, 188), and the cases there cited.

3. Where, as in this case, an action is instituted seeking substantial relief against two or more defendants, and one of them files a demurrer which goes to the substance of the whole petition and challenges the plaintiff's right to any of the substantial relief sought thereby, a judgment sustaining such demurrer "enures to the benefit of all the defendants, and they become interested in sustaining the judgment; and if the plaintiff desires to except to the ruling, it is essential that he make all of the defendants in the trial court defendants in error and serve them with a copy of the bill of exceptions, and a failure to do so will require a dismissal of the writ of error." *Tillman* v. *Davis,* 147 *Ga.* 206 (93 S. E. 201); *Whitehead* v. *Hogan Bros. Lumber Co.,* supra. However, persons who are named in the petition as defendants, but who are not served as such and who do not waive service by appearance and pleading, or otherwise, are not parties interested in sustaining the judgment so complained of, or parties who will be affected by its reversal, and hence are not necessary parties to the bill of exceptions. *Wyche* v. *Greene,* 16 *Ga.* 47; *Hines* v. *McLellan,* 117 *Ga.* 845 (45 S. E. 279.

4. In the case at bar, it appears affirmatively from an inspection of the record that there was a party in the court below against whom substantial relief was sought, namely, Zettler C. Clay, who is directly interested in having the judgment excepted to sustained by this court, and whose rights will be adversely affected by a reversal, but who has not been made a party to the bill of exceptions, nor served with a copy of the same. Consequently, this court is for that reason without jurisdiction, and will dismiss the writ of error upon its own motion. *Teasley* v. *Cordell,* 153 *Ga.* 397 (112 S. E. 287); *Malsby* v. *Shipp,* 177 *Ga.* 54 (169 S. E. 308).

*Writ of error dismissed. All the Justices concur.*

No. 17597. Submitted September 12, 1951—Decided October 10, 1951.

*R. L. Smith,* for plaintiff.

*H. T. O'Neal Jr.,* and *Floyd M. Binford,* for defendant.