## 33917. EDWARDS *v.* DOWDY.

DECIDED APRIL 8, 1952.

*C. E. Hay, Jesse T. Edwards,* for plaintiff.

*Robert B. Williamson,* for defendant.

GARDNER, P.J. ■ The defendant in error, Willard Dowdy, filed in this court a motion to dismiss the bill of exceptions on the ground that the defendant, Mrs. Bulah Calhoun, is not made a party defendant in error in this court, she being a material and indispensable party to the writ of error seeking to review the judgment sustaining the general demurrer of Willard Dowdy, the demurrant, and interested in sustaining that judgment. Jesse T. Edwards filed suit in Worth Superior Court against Mrs. Bulah Calhoun of Lowndes County and Willard Dowdy of Worth County. The defendant, Willard Dowdy, demurred to the petition on the ground that under the facts alleged no cause of action was set forth against him. The other defendant, Mrs. Calhoun, did not demur. The court below sustained this demurrer of the defendant Dowdy, providing in his order that "the petition is dismissed as to the said defendant, Willard Dowdy, and he is discharged from said suit." Thereupon, the plaintiff excepted by bill of exceptions to the Supreme Court of Georgia, and that court transferred the case to this court, holding that "This case does not come within the jurisdiction of the Supreme Court as provided in the Constitution, Code, Ann. § 2-3704." *Edwards v. Dowdy,* 208 *Ga.* 527 (67 S. E. 2d, 558).

Is this motion well taken? Has this court jurisdiction to pass on the judgment excepted to? Was the defendant, Mrs. Calhoun, such an essential party as to render fatal the failure of the plaintiff in error to name her as a defendant in error in the bill of exceptions?

The provisions of Code § 6-1202 are in part that all parties in the court below, interested in sustaining the judgment excepted to, are essential parties and must be made parties defendant in error in the bill of exceptions. In *Parker* v. *Paty,* 64 *Ga. App.* 428 (13 S. E. 2d, 525), this court held that, "Where it appears from the record that parties to the litigation in the court

below who are directly interested in having the judgment excepted to sustained by this court have not been made parties to the bill of exceptions, 'this court is without jurisdiction to entertain the bill of exceptions,' and upon motion made by the defendant in error the writ of error will be dismissed." See cases cited in the *Parker* case, and also *Hancock* v. *Lizella Fruit Farm*, 184 *Ga.* 73 (190 S. E. 362) ; *Howard* v. *Columbus Bank & Trust Co.*, 182 *Ga.* 23 (184 S. E. 713) ; *Whitehead* v. *Hogan Bros. Lumber Co.*, 205 *Ga.* 890 (55 S. E. 2d, 371) ; *Anderson* v. *Haas*, 160 *Ga.* 420 (5) (128 S. E. 178). Where a necessary party was not made a party to a bill of exceptions, had not been served, and had not waived service, the bill of exceptions will be dismissed. *Pritchett* v. *Ellis*, 203 *Ga.* 1 (45 S. E. 2d, 188).

The defendant in error, Willard Dowdy, insists that, under the ruling made by the Supreme Court in *Clay* v. *Smith*, 208 *Ga.* 423 (67 S. E. 2d, 235), that "All parties who are interested in sustaining the judgment of the trial court, or who will be affected by its reversal, are indispensable parties to a review of the case by this court, and consequently must be made parties to the bill of exceptions," and where suit was filed against three defendants, one of whom was not served and made no appearance, and the second defendant was served but filed no pleadings, and the third defendant filed a general demurrer which was sustained, and the plaintiff in the bill of exceptions named only the third defendant as defendant in error thereon, the bill of exceptions would be dismissed for failure to make the second defendant a party to the bill of exceptions and to serve him with a copy of same. In *Anderson* v. *Haas*, supra (1), the Supreme Court ruled that, "Where suit is brought against several defendants and only one of them appears and files a defense in the form of a general demurrer and a plea and answer, and the demurrer of this defendant is sustained and the case dismissed, the other defendants who are interested in sustaining the judgment should be made defendants in error in the bill of exceptions; and if they are not made parties, the bill of exceptions will be dismissed." In *Benson* v. *Lewis*, 176 *Ga.* 20 (3) (166 S. E. 835), the Supreme Court held that, "Where a suit is brought against several defendants, and only one of them appears and files a defense in the form of a general demurrer, and the demurrer of this defendant is

sustained and the case dismissed, the other defendants are interested in sustaining the judgment and should be made defendants in error in the bill of exceptions and served with a copy thereof; and if this is not done, the bill of exceptions will be dismissed." In that case it appeared that "The general demurrer filed by one of the defendants went to 'the substance and merit of the entire petition, and challenged the right of the petitioners to any relief in a court of equity. That being true,, the demurrers enured to the benefit of all of the defendants, although some of them may have been liable." See *Douglas* v. *Brooke,* 152 *Ga.* 373 (110 S. E. 16) ; and also *Sistrunk* v. *Davis,* 31 *Ga. App.* 397 (120 S. E. 675), where the demurrer went to the substance of the whole petition and challenged the plaintiff's right to any relief; and *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190).

However, in *Perkins* v. *Publix Theatres Corp.,* 47 *Ga. App.* 641 (171 S. E. 147), this court held that, where a petition is dismissed on general demurrer as to some of the defendants, those remaining are not necessary parties to the bill of exceptions to the judgment sustaining such demurrer. In *Koch Co.* v. *Adair,* 49 *Ga. App.* 824 (176 S. E. 680), it was held by this court that, where ten of thirteen defendants demurred to the petition and the petition was dismissed as to them, the remaining defendants were not necessary parties to the bill of exceptions to review the judgment dismissing the petition as to the ten demurring defendants. In *Eining* v. *Ga. Ry. &c. Co.,* 133 *Ga.* 458, 463 (66 S. E. 237), it was held that joint tort-feasors being separately as well as jointly liable, one is not interested in sustaining the demurrer · dismissing the suit as to the other, and is not a necessary party to the bill of exceptions from such judgment. To the same effect see *Lake* v. *Delaperriere,* 68 *Ga. App.* 464 (23 S. E. 2d, 518). So, where one of several defendants files a general demurrer which goes to the substance of the whole petition and challenges the plaintiff's right to any relief, the plaintiff who desires to except to the judgment sustaining the demurrer must make all of the defendants in the trial court parties defendant in error. *Malsby* v. *Shipp,* 177 *Ga.* 54 (169 S. E. 308). It appears, therefore, that the question is, does the demurrer go to the substance of the plaintiff's case and attack the same on the ground that he is not entitled to any relief—to recover at all—or is the demurrer to

the effect that as to the demurrant the plaintiff's petition sets out no facts authorizing a recovery?

In *Moore* v. *Harrison*, 202 *Ga.* 814, 817 (44 S. E. 2d, 551), the Supreme Court said that, where it appears that the demurrer filed by one of the defendants challenges the plaintiff's right to any relief as to any of the defendants and the court sustains this demurrer, the demurrer inures to the benefit of all, and if the plaintiff brings a writ of error, the other defendants are necessary parties in the appellate court; and if they are not made parties defendant in error and served with a copy of the bill of exceptions or waive service, the case must be dismissed in the appellate court. The court held that this rule does not apply, however, where the demurrer does not challenge the plaintiff's right to any relief, and only attacks the petition as failing to set out a cause of action against the demurring defendant. But where the demurrer attacks the plaintiff's right to any relief and goes to the substance of the entire petition, and the petition is dismissed as a whole, the remaining defendants are necessary parties in the appellate court, though they did not demur to the petition. *Whitehead* v. *Hogan Bros. Lumber Co.*, 205 *Ga.* 890 (55 S. E. 2d, 371).

However, the demurrer of the defendant, Willard Dowdy, simply assailed the petition as showing the plaintiff entitled to no relief as to the demurring defendant Dowdy, and the judgment of the trial court, now excepted to, sustained this demurrer, and dismissed the petition as to such defendant. Therefore, the motion of the defendant in error, Willard Dowdy, that this court dismiss the bill of exceptions, for failure to make the defendant in the trial court, Mrs. Bulah Calhoun, a party to the bill of exceptions to this court, is without merit and is denied.

But it is contended that Mrs. Bulah Calhoun, the remaining defendant, is interested in sustaining the judgment dismissing this case on demurrer as to the defendant Dowdy, for the reason that she is a resident of Lowndes County, and the suit being brought in Worth County, the residence of Dowdy, the dismissal of the petition as to Dowdy renders the proceedings nugatory as to her. The liability of the defendants, under the allegations of the petition, is joint and several, and the fact that the petition may be dismissed as to the resident defendant on the ground

that no cause of action is alleged therein as to him, and that he is not liable, would not affect the liability of Mrs. Calhoun in an action by the plaintiff against her. See *Fining* v. *Ga. Ry. & Elec. Co.,* supra. The fact that this is a proceeding under the provisions of the act of 1945 (pp. 137, 139; Code, Ann. Supp., §§ 110-1101 et. seq.) does not alter the situation. Code, (Ann. Supp.), § 110-1104. It follows that for the above reason the bill of exceptions will not be dismissed. The fact that there may not be an action for a declaratory judgment against Mrs. Calhoun pending in Worth Superior Court, where the judgment dismissing the petition as to the resident defendant, Willard Dowdy, is sustained, does not alter the rule, as the liability of Mrs. Calhoun to the plaintiff is not affected one way or the other. It is just that no action would lie in Worth County for lack of jurisdiction of that court over her person, but that an action would lie in Lowndes County.

■ The petition of the plaintiff, a practicing attorney, against his client, Mrs. Bulah Calhoun, and against Willard Dowdy, the nephew of Mrs. Calhoun, the defendant in a suit in equity to cancel a deed brought by said attorney in behalf of Mrs. Calhoun against her said nephew, stated facts which should have been submitted to the jury as to the liability of the defendant Dowdy to the plaintiff. The court sustained the general demurrer of Dowdy to the petition; and it is our opinion that the petition set out a cause of action against both defendants, and that it was error to sustain the demurrer of Dowdy thereto. It appears that the plaintiff had agreed for the court to act as .trior of facts, which is permissible under the Declaratory Judgment Act (Ga. L. 1945, pp. 137 et seq.). The petition alleges that the plaintiff had a valid contract with the defendant Mrs. Calhoun to bring the suit against her nephew Dowdy; that she agreed to pay him $1000 for his services, and having no money, executed a note for this sum, securing its payment by a security deed to certain lands. Mrs. Calhoun agreed to pay this sum whether the case was settled or prosecuted to a final determination. The suit against Dowdy was to set aside and cancel a warranty deed by Mrs. Calhoun to the land, conveyed to the plaintiff to secure the payment of the note given for his fee. The suit of Mrs. Calhoun alleged in her amended petition that the deed to her nephew was

made under duress in the form of threats on her life. The trial court dismissed the petition of Mrs. Calhoun as amended, and Mrs. Calhoun, through the plaintiff in the suit at bar as her attorney, obtained a reversal of that ruling by the Supreme Court. *Calhoun* v. *Dowdy*, 207 *Ga.* 584 (63 S. E. 2d, 373). When the remittitur from the Supreme Court reached the Superior Court of Worth County, the two defendants in the present action, aunt and nephew, conspired for the purpose of defrauding the plaintiff of his fee, in a case wherein the plaintiff had diligently performed his services as such attorney, and to which under the contract the plaintiff became entitled upon settlement of the case. It also appeared from the present petition that the reasonable value of his services amounted to $1000 to the time the case was alleged to have been fraudulently settled between the parties thereto. It is alleged that the defendants, to defraud him of this fee and to carry out this purpose, effected a settlement between them, and Mrs. Calhoun attempted to dismiss him and drop the case. It is the rule generally that an attorney in a case is entitled to his fee, at least to that part which has been earned by him, and cannot be defeated by a settlement between the parties. In a proper case, the plaintiff would be entitled to have the suit of Mrs. Calhoun prosecuted to a final determination for the purpose of collecting his fee out of the proceeds thereof, to wit, the property involved. Mrs. Calhoun having secured the payment of the note given for the fee by the lands involved, and under the allegations of the petition and under the decision of the Supreme Court above cited, Mrs. Calhoun had a meritorious case against her nephew Dowdy. The defendant Dowdy cannot say that he would not be liable under the allegations of the petition, where, with full knowledge of the facts, he settled this case and did .so for the express purpose of defrauding the plaintiff of his fee. See *Camp* v. *U. S. Fidelity &c. Co.*, 42 *Ga. App.* 653 (157 S. E. 209); *Little* v. *Sexton*, 89 *Ga.* 411 (15 S. E. 490).

The general rule is that contracts, conveyances, and the like may be set aside where made for the purpose of defrauding an attorney and defeating him of his lien for his fees. The attorney may in such a case proceed against the third party. 7 C. J. S. 1178, 1180. Where there is fraud, the third person is liable. The parties cannot settle between themselves and defeat the attorney

of his fee. See Campbell's &c. Co. *v.* Hammer, 78 Ore. 612 (153 Pac. 475.) Where the defendants bring about a compromise, and the adverse party in the lawsuit has notice of the attorney's rights, such person will be liable, where there is fraud (see Holley & Means *v.* Foster, 104 Okla. 196, 230 Pac. 879), as in a case where he settled with the plaintiff in the original case and destroyed the attorney's lien. Noell *v.* Missouri Pacific R. Co., 335 Mo. 687 (74 S. W. 2d, 7, 94 A. L. R. 684); Fry *v.* Wolfe, 106 Okla. 289 (234 Pac. 191). The fact that the attorney has a right of action against his client does not exonerate the adverse party who has wrongfully induced a breach of the contract of employment with the attorney. Lurie *v.* New Amsterdam Casualty Co., 270 N. Y. 379 (1 N. E. 2d, 472).

So it is our opinion that the petition of the plaintiff attorney here set out a cause of action against the plaintiff and the defendant in the original suit, and that such parties could not settle such case and defeat his right to his fee and his lien therefor, it being alleged that the settlement was made as the result of a conspiracy between the parties and for the express purpose of defrauding the attorney and preventing his collection of his fee.

■ The present petition was not subject to dismissal because it appeared therefrom that the plaintiff was not entitled to proceed under the provisions of the Declaratory Judgment Act (Ga. L. 1945, p. 137). Said act provides in part that "(a) In cases of actual controversy the respective superior courts of the State of Georgia shall have power upon petition, or other appropriate pleading to declare rights, and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such. (b) In addition to the cases specified in paragraph (a) of this section, the respective superior courts . . shall have power upon petition, or other appropriate pleading, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed in any civil case in which it appears to the court that the ends of justice require that such declaration should be made, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such."

This is not such a case as is referred to in *Shippen* v. *Folsom*, 200 *Ga.* 58 (4) (35 S. E. 2d, 915). The petition set up a cause of action against both defendants. The court may, under this act, render such a judgment as the ends of justice require under the petition, which states a cause of action as to both of the defendants and was erroneously dismissed as to the defendant Dowdy. If he did conspire with Mrs. Calhoun to defraud the plaintiff of the attorney's fee, he will be, as we have seen, liable, and the court can render such a proper judgment or decree as will protect the plaintiff in the matter of his fee against the defendants and each of them. The court can protect the lien of the plaintiff in the lands involved, granted by the security deed of Mrs. Calhoun. The defendant Dowdy is not an innocent bystander, a stranger to the proceedings, but he had notice and knowledge of the plaintiff's right to his fee. See also, on the Declaratory Judgment Act, *Felton* v. *Chandler*, 75 *Ga. App.* 354 (43 S. E. 2d, 742).

It follows that the court erred in dismissing the petition, on the general demurrer of the defendant Dowdy, as not setting forth any facts entitling the plaintiff to any relief against this defendant.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*