19015. TRULOCK *v.* PARKER *et al.*

CANDLER, Justice. This litigation was instituted by three lower riparian landowners to enjoin the defendant from diverting the waters from the regular channel of a non-navigable stream, and for damages. By amendment and without objection, Amos Bell, another lower riparian owner, was made a party plaintiff and he also prayed for injunctive relief and damages. At an interlocutory hearing the judge overruled the general demurrers to the petition as amended and granted a temporary injunction. The defendant excepted. The plaintiff Amos Bell is not named as a party in the bill of exceptions. *Held:*

1. It is always the duty of this court, with or without motion, to inquire into its jurisdiction and to dismiss a writ of error where jurisdiction is lacking. *Brockett* v. *Maxwell,* 200 *Ga.* 213 (36 S. E. 2d 638), and citations.
2. All persons who are interested in sustaining the judgment excepted to, or who would be adversely affected by a judgment reversing it, are indispensable parties and must be made parties in the bill of exceptions, or the writ of error will be dismissed for want of jurisdiction. Code

§ 6-1202; *Whitehead* v. *Hogan Bros. Lumber Co.*, 205 *Ga.* 890 (55 S. E. 2d 371), and citations.

3. In the instant case it affirmatively appears from the record that Amos Bell, who is not named as a party in the bill of exceptions, is interested in sustaining the judgment excepted to and would be adversely affected by a judgment reversing it. Consequently, this court is for that reason without jurisdiction and will dismiss the writ of error on its own motion.

*Writ of error dismissed.* *All the Justices concur.*

ARGUED JULY 12, 1955—DECIDED SEPTEMBER 12, 1955.

*Conger & Conger,* for plaintiff in error.

*Custer & Kirbo, Cain & Smith,* contra.