19541. Miner *v.* Champion, Executor, *et al.*

Candler, Justice. Alice Miner died on May 25, 1956. She had executed her last will and testament on April 18, 1956, by the terms of which she gave her husband, Davis Miner, a described city lot in Albany, Georgia. She also gave a described city lot to each of the following persons: Sallie Gordon, Mary Ann Richardson, Walter Smith, Rosa Lee Brooks, and Martha Ella Sapp. She gave the rest of her estate in equal parts to all of the devisees named above. Her will was duly probated. On June 14, 1956, Davis Miner filed an equitable action to have a resulting trust

declared and established in his favor as to all realty devised by Alice Miner, except one described city lot. As defendants, the petition named James P. Champion, Sr., as executor of Alice Miner's estate, Sallie Gordon, Mary Ann Richardson, Walter Smith, Rosa Lee Brooks, and Martha Ella Sapp. The petition as amended alleges that the realty bequeathed by Alice Miner was acquired in her name, but with money furnished by the plaintiff and for his benefit. Copies of deeds attached to the petition show that the realty involved was purchased during the period from June 5, 1923, to March 30, 1938. Besides for process and service, the prayers are that a resulting trust be declared and established in favor of the plaintiff as to all realty devised by Alice Miner's will, except one described city lot; that the executor of her estate be enjoined from assenting to any devise made by the deceased or from otherwise disposing of any realty sought to be devised by the decedent; and that the petitioner be granted such other relief as might to the court seem just and reasonable. The amended petition was demurred to generally by the defendants, Champion, as executor, and Sallie Gordon, on the following grounds: 1. It sets forth no cause of action, legal or equitable. 2. Its allegations are too vague, uncertain, and indefinite on which to base a decree or judgment as to the realty claimed under the' theory of a resulting trust. 3. It shows on its face that the plaintiff's cause, if he ever had one, is barred by the statute of limitations, laches, and is a stale demand. It was also demurred to specially on several grounds by the same two defendants. Though legally served as parties, no defensive pleadings were filed by any one of the other defendants. All grounds of demurrer, general and special, were sustained and the amended petition was dismissed. The plaintiff excepted and sued out a writ of error to this court. The bill of exceptions names no person as defendant in error, but is captioned, "Davis Miner v. J. P. Champion, Sr., executor, estate of Alice Miner, deceased, et al." Louis A. Peacock as "Attorney for J. P. Champion, Sr., and Sallie Gordon" acknowledged service of the bill of exceptions. None of the other four defendants was served with a copy of the bill of exceptions nor did any of them waive service of it. *Held:*

1. It is not only the right but the duty of this court to raise the question of its jurisdiction in all cases brought here in which there may be any doubt as to the existence of such jurisdiction. *Lanier* v. *Bailey,* 206 *Ga.* 161 (56 S. E. 2d 515), and citations. And where the record shows that there were interested parties in the court below who have not been made parties to the bill of exceptions and served with a copy of same, this court is without jurisdiction and will dismiss the writ of error on its own motion. *Emanuel Farm Co.* v. *Batts,* 176 *Ga.* 552 (168 S. E. 316); *Malsby* v. *Shipp,* 177 *Ga.* 54 (169 S. E. 308).

2. A bill of exceptions should show on its face affirmatively and unequivocally who are the parties thereto. *Poteet* v. *Beaver,* 180 *Ga.* 383 (178 S. E. 721). As shown by our statement of facts, the bill of exceptions in this case is captioned "Davis Miner v. J. P. Champion, Sr., as executor of the estate of Alice Miner, deceased, et al.," and it has been repeatedly held by this court that the abreviation "et al.," when occurring in a bill of exceptions after the name of a party therein designated, cannot be

held to include any other person who figured as a party in the trial court. *White* v. *Bleckley*, 105 *Ga.* 173 (31 S. E. 147); *Orr* v. *Webb*, 112 *Ga.* 806 (38 S. E. 98); *Toccoa Electric Power Co.* v. *Panter*, 178 *Ga.* 258 (173 S. E. 131); *Lanier* v. *Bailey*, 206 *Ga.* 161, supra. Applying this rule in the instant case, Champion, as executor, is the only one of the six defendants in the trial court which the bill of exceptions designates as a defendant in error.

3. All parties who are interested in sustaining the judgment excepted to, or who would be affected by a judgment reversing it, are indispensable parties in the Supreme Court and must be made parties in the bill of exceptions, or the writ of error will be dismissed for want of jurisdiction. Code § 6-1202; *Emanuel Farm Co.* v. *Batts*, 176 *Ga.* 552, supra, and citations.

4. Where, as in this case, an action is brought seeking substantial relief against several defendants, and some of them file demurrers which go to the substance of the whole petition and challenge the plaintiff's right to any of the relief prayed, and the demurrers are sustained, the resulting dismissal of the petition inures to the benefit of all the defendants, and consequently they become interested in sustaining the judgment; and this is true though some may be in default. *Tate* v. *Goode*, 135 *Ga.* 738 (70 S. E. 571, 33 L. R. A. (NS) 310); *Whitehead* v. *Hogan Bros. Lumber Co.*, 205 *Ga.* 890 (55 S. E. 2d 371), and the several cases there cited.

5. In this case there were parties in the trial court against whom substantial relief was sought, and who are directly interested in having the judgment excepted to affirmed by this court, but who have not been made parties in the bill of exceptions, nor served with a copy of the same or waived service thereof. Consequently, this court is for that reason without jurisdiction of the case and will dismiss the writ of error on its own motion.

*Writ of error dismissed. All the Justices concur.*

ARGUED NOVEMBER 14, 1956—DECIDED DECEMBER 5, 1956.

*Ray Y. Cross*, for plaintiff in error.
*Louis A. Peacock*, contra.