### 38663. WYNN v. CHARLES S. MARTIN DISTRIBUTING COMPANY, INC. *et al.*

TOWNSEND, Presiding Judge. This case is an action by Charles S. Martin Distributing Co., Inc., against Mrs. Wynn, her husband, Norman Wynn and Julian R. Bentley, trading as Macon Discount House, for merchandise sold to the firm on open account between October 18, 1958, and November 19, 1958. The correctness of the account is not in dispute. The jury returned a verdict in favor of Bentley and against Mr. and Mrs. Wynn. Mrs. Wynn, who had filed a plea of nul tiel partnership which was tried with the main case, thereafter filed a motion for a new trial on the general grounds, and to the overruling of this motion she brings error.

The undisputed evidence in this case is to the effect that Wynn and Bentley established a partnership under a written agreement and commenced trading in the name of Macon Discount House, the articles of partnership being dated July 26, 1958. On August 22nd, a dealer's agreement proposing the terms under which negotiable paper should be discounted was submitted to and accepted by the Citizens & Southern National Bank of Macon, the signatures on which appear as follows: "Macon Discount House. By Julian R. Bentley, Partner.

Mrs. Norman R. Wynn. Norman R. Wynn, Partner." On August 25, 1958, the following letter was signed by the plaintiff in error, and delivered to the bank: "To whom it may concern: I hereby certify that I am a silent partner in the business known as Macon Discount House, 3360 Columbus Road, Macon, Georgia. Mrs. Norman Wynn."

On October 6, 1958, the original partnership agreement between Wynn and Bentley was amended, and Mrs. Wynn along with the original parties signed the amendment, with the word "Partner" following her name. On October 9, she and her husband received jointly from Bentley a release of all his partnership interest in the Macon Discount House and executed to him a jointly signed release from all obligations and responsibility for merchandise "now on hand or to be purchased in the future." Finally, on October 15, 1958, the plaintiff in error, her husband and Bentley all signed an agreement reciting "that Mr. and Mrs. Norman R. Wynn shall possess full ownership of the business now known as Macon Discount House, located at 3360 Columbus Road, Macon, Ga., effective October 9, 1958, including all accounts receivable and merchandise on hand and full assets . . . This includes cash on hand and liabilities for all bills due to sales and advertising except service bills from October 9, 1958." Mrs. Wynn admitted signing the letter certifying that she was a silent partner, and admitted that in answer to the question of a bank official: "Would you be a silent partner to secure your husband's share of the bank floor plan" she replied, "Yes, sir, Mr. Thompson, I'll do that." She also admitted signing the release dated October 9, and the agreement dated October 15, reciting that she and her husband possessed full ownership of the business, although denying that she signed the amendment to the original partnership agreement. Her explanation of her signatures on the other documents was: "I thought that I was standing security for my husband's part of the bank floor plan, that is the only connection I had with the Macon Discount at all, not as a partner but to protect the bank as far as my husband's indebtedness was." She thus asked the jury to believe that she represented herself to the bank as a partner when her intention was only to act as surety for her husband's debt, which would have been illegal. Code § 53-503. Under the October 15th document which she

admitted she signed, she and her husband became co-owners of all the partnership property. A joint interest in the partnership property constitutes a partnership as to third persons. *Code* § 75-102. All purchases on the account sued on were made subsequent to the execution of this instrument. As to the contention that the plaintiff in error was really only a dormant or secret partner and therefore not liable to any third party who did not become a creditor in reliance upon her representations that she was a partner, the question is settled adversely by the ruling in *Moore v. Harrison,* 202 Ga. 814, 819 (44 S. E. 2d 551) as follows: "The ground of demurrer that Mrs. Moore, if a partner at all with J. B. King, was a silent partner, which fact was unknown to the defendants, and that the petition, therefore, set forth no cause of action against them, is without merit. It has been held that a dormant or silent partner is liable to everybody dealing with the partnership for the contracts of the partnership so long as he remains a member thereof. See *Phillips v. Nash,* 47 Ga. 218." Clearly Mrs. Wynn was liable as a partner at the time the merchandise in question was purchased.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Carlisle, Frankum and Jordan, JJ., concur.*

DECIDED JANUARY 20, 1961.

*W. O. Cooper, C. Cloud Morgan,* for plaintiff in error.
*Charles L. Henry,* contra.